## KING against BUTLER.

IN ERROR, to the court of common pleas of the county of *Tompkins.*

The plaintiff in error brought an action of *assumpsit* in the court below, against the defendant in error, for boarding, lodging, nursing, and attending one *Washburn*, at the special instance and request of the defendant. At the trial of the cause in the *September* term, 1817, of the court below, the following facts were given in evidence on the part of the plaintiff: In *November*, 1814, *Washburn* was taken sick at the house of the plaintiff, who immediately made application to the defendant, then one of the overseers of the poor of the town of *Ulysses*, to visit *Washburn*, and the defendant having seen him, requested and directed the plaintiff to provide all things necessary until his recovery, and said that he would see him paid. The plaintiff, accordingly, furnished *Washburn* with board and necessaries during the space of eight weeks, and afterwards made out a bill against the town of *Ulysses*, and presented it to the board of super-

*Where a person has, at the request of an overseer of the poor, and on his promise that he would see him paid, boarded a pauper and furnished him with necessaries, he may maintain an action of assumpsit against the overseer, although no order had ever been made for the relief of the pauper.*

visors of the county of *Tompkins ;* but they refused to audit his account, as an order for the relief of *Washburn* had never been obtained.    Upon this evidence the counsel for the defendant moved for a non-suit, which was granted by the court below, and the plaintiff tendered a bill of exceptions to their opinion.

The case was submitted to the court without argument.

*Per Curiam.*    The question in this case arises on a bill of exceptions, tendered to the court of common pleas of the county of *Tompkins.*    The action was brought against the defendant, who was one of the overseers of the poor of the town of *Ulysses,* in that county, for the support and maintenance of a pauper.    The proof in the court below showed a most explicit and positive request, by the defendant to the plaintiff, to maintain the pauper, and an express and absolute promise to pay him for the same.    But this was not deemed by the court below sufficient, because no order had been given by a justice to the overseer, to provide for the pauper.    In this the court erred.    Application was made, in behalf of the pauper, to the overseer for relief; and the relief was furnished at the request of the overseer. It was no part of the plaintiff's duty, to see that the overseer had the order of a justice, as pointed out by the act. If the pauper was entitled to assistance, it was the duty of the overseer of the poor, on application being made to him, to inquire into the matter, and furnish the relief.    He was under a legal, as well as a moral obligation, so to do ; and this was a sufficient consideration for his promise to pay for the same.    The act does not require that the person furnishing the relief should have an order from a justice for the purpose.    This is a duty imposed upon the overseer, and is his authority for ordering the relief; but if he neglects to procure such order, it is his own fault, or negligence, and is not chargeable upon the plaintiff. (1 *N. R. L.* 287, 8.) The judgment of the court below must, therefore, be reversed.

Judgment reversed.