Holmes and others, overseers of the poor of the town of Norwich, *vs.* Brown, overseer of the poor of the town of Pharsalia.

Where overseers of the poor relieved and supported paupers belonging to another town, at the request of the overseer of the poor of the town in which the paupers belonged, and the latter overseer, after such support had been furnished, on the presentation of the bill therefor, agreed to pay the same, it was *held* that he was not personally liable on the contract; it appearing from the facts and circumstances that he was acting in his official character, and did not intend to bind himself personally. Mason, J. dis-sented.

*Held also,* that he was not liable in his official character; the proper remedy for the plaintiffs being that pointed out by the statute, viz. to get the claim for the maintenance allowed by the superintendents of the poor, and to lay the same, when thus allowed, before the board of supervisors, in order that they might add the amount to the tax list of the town in which the paupers belonged.

Motion to set aside the report of a referee. It appeared from the proof that in 1850 two persons being paupers of the town of Pharsalia, Chenango county, were found in the town of Nor-wich in said county, under circumstances requiring relief as such paupers. The overseer of the poor of Norwich gave notice in writing to the defendant, requiring him as overseer of the poor of Pharsalia to provide for the relief and support of said paupers. Soon after the service of said notice the overseers of the poor of Norwich, at the request of the defendant as such overseer, re-lieved and supported said paupers at the expense of the town of Norwich. The defendant told the overseer of Norwich, that if he would support said paupers, he would *back it up*. The ex-penses incurred by the town of Norwich in supporting said paupers amounted, in November, 1850, to the sum of $104.

At that time the overseer of Norwich presented the account of such expenses to the defendant, at Pharsalia. The defendant as such overseer of the poor, on that occasion promised the overseer of the poor of the town of Norwich to settle said account.

The account was never presented to the superintendents of the poor of the county of Chenango, or in any manner passed upon or allowed by them. Jesse Brown was sole overseer of the poor of Norwich at the time this action was commenced, and up to March, 1851, when the present plaintiffs were elected, and were afterwards substituted in the place of Brown. The action was brought to recover the amount of the bill for the support of said paupers. It was referred to a single referee, who reported in favor of the defendant.

*Geo. M. Smith,* for the plaintiffs.

*R. K. Bowne,* for the defendant.

CRIPPEN, J. The referee placed his decision on the ground that although the town of Pharsalia was liable to pay the expenses of maintaining the paupers, no action could be maintained by the plaintiff on the promise of the defendant as overseer of the poor of the town of Pharsalia, to recover such expenses; but that such expenses must be laid before the superintendents of the poor of Chenango county and allowed by them, and then presented to or laid before the board of supervisors of said county, who are required to add such expenses to the tax to be levied upon the town of Pharsalia; that this was the only remedy or means to be adopted by the overseers of Norwich, in order to obtain payment from the town of Pharsalia.

The action is brought against the defendant in his official character, and the complaint charges him as overseer of the poor of the town of Pharsalia, and not in his individual or private capacity. The allegation is that the defendant, as overseer of the poor, promised to pay the plaintiffs as overseers of the poor, for the support of said individuals. It is not alledged in the complaint, neither does the proof undertake to establish, that the

defendant intended to bind himself personally to pay for such support.

The cases where an action has been held to lie against an overseer of the poor for the support of paupers, are placed upon the ground that the credit was given to the person individually, in his private capacity, and not as the officer or agent of the town. The proof establishes that the defendant acted on public account, without a view to personal responsibility; he therefore cannot be charged or made liable in this action. If the plaintiffs obtain a judgment on this demand, against the defendant, he will be personally liable for its payment, irrespective of his office of overseer of the poor.

When the *res gestæ*, and the attending circumstances showed that the defendant acted on public account, it was not necessary for him to say, in order to screen himself from personal liability, that he contracted as overseer of the poor of the town of Pharsalia. The plaintiffs were fully aware of the defendant's official position while dealing with him in relation to said paupers. A notice had just been served by them on the defendant as overseer of the poor, requiring him to provide for said paupers or to take and remove them from the town of Norwich. Under such circumstances the defendant cannot be made personally liable to pay the demand claimed in this action. (*Olney* v. *Wickes*, 18 *John.* 122. *Walker* v. *Swartwout*, 12 *Id.* 444. 1 *Mass. Rep.* 208. *King* v. *Butler*, 15 *John.* 281. *Macbeath* v. *Haldiman*, 1 *T. R.* 172. *Hodgson* v. *Dexter*, 1 *Cranch*, 345.)

The plaintiffs' counsel contends that the defendant is liable to this action in his official character; that the plaintiffs are entitled to a judgment against the defendant as overseer of the poor of the town of Pharsalia, for the support of the paupers by the town of Norwich. It does not appear that the account or charges for the support of the paupers have ever been submitted to, or audited by, the superintendents of the poor of the county of Chenango. The statute prescribes the mode to be adopted by the plaintiffs in order to obtain a remuneration for the expenses incurred by the town of Norwich for the support of said paupers. The charges and expenses of maintaining

Holmes *v.* Brown.

them, together with the charge of giving notice to the overseer of the poor of the town of Pharsalia, should have been allowed by the superintendents of the poor of the county of Chenango; when thus allowed the same should have been laid before the board of supervisors of said county at their annual meeting, and been by them added to the tax of said town of Pharsalia. (1 *R. S.* 613, § 38, *2d ed.*)

It is highly fit and proper that the account of expenses should be audited and settled by the superintendents of the poor of the county. They are acquainted with the nature of the charges and expenses usually incurred in the support of paupers in their county. The object of the statute was to provide a cheap, safe, and expeditious mode for the liquidation and settlement of such accounts. Litigation is thus prevented, large sums in costs saved to the town, and faithful public officers shielded from vexatious lawsuits and trouble. The legislature intended to confine the overseers of the poor to the remedy provided by the statute in such cases. The result is that the report of the referee must be affirmed, and the defendant is entitled to a judgment thereon, with costs.

SHANKLAND, J. concurred.

MASON, J. dissented.

Judgment for the defendant.

[DELAWARE GENERAL TERM, July 13, 1852. *Shankland, Mason* and *Crippen,* Justices.