VAN HOEVENBERGH *vs.* HASBROUCK, coroner, &c.

Where professional services are rendered by a physician, at inquests, at the request of the coroner, with no special agreement that he shall look to any other source than the coroner for payment, the latter is liable therefor.

A claim for such services is not a legal charge against the county, in favor of the physician performing the service. But a coroner has a right to employ a physician to attend at inquests; and any expense thus incurred will be a proper charge against the county, in the coroner's account, and should be audited by the board of supervisors, upon its presentation.

If this has not been done, and the physician rendering such service has not been paid in full, the coroner is liable personally, for the amount remaining unpaid.

The fact that the person rendering the service has presented his claim to the board of supervisors, to be audited, and that they have acted upon it, and allowed one half the amount, will not bar an action against the coroner for the residue of the claim.

The action of the board in allowing a portion of the account, can not be regarded in the light of a judgment or decree of a court possessing competent jurisdiction, the board of supervisors having no cognizance over the subject.

Nor can the presentation of such an account to the board of supervisors be regarded as a voluntary submission of a controversey between the parties to them for their arbitration.

THIS was an appeal by the defendant from a judgment of the Ulster county court, affirming a judgment entered before a justice of the peace, in that county, in favor of the plaintiff.

The defendant, as coroner of Ulster county, on the 22d and 30th days of January, 1862, employed the plaintiff, a physician, to attend at inquests, which services were worth $20 for each examination, making $40 for the two cases. There was no agreement that the plaintiff should look to any other source for payment besides the defendant. The plaintiff made out a bill of his claim, for that amount, against the county of Ulster, and presented it to the board of supervisors at their annual session in that county, in the fall of 1863, with a certificate of the coroner attached, that the services had been rendered, at his request, and a verification. It was passed upon by the board, and $20 was allowed. This amount was subsequently, upon request by the plaintiff,

paid to him by the treasurer. He afterwards made a demand of the coroner of payment of the balance, and, payment being refused, brought this action, before a justice of the peace, and recovered $20 and costs. The defendant appealed to the county court, and judgment was affirmed. The defendant then appealed to this court.

*W. Lounsbury,* for the appellant.

*T. R. Westbrook,* for the respondent.

*By the Court,* MILLER, J. The claim of the plaintiff for which he recovered judgment against the defendant, was not a legal charge against the county, within the provisions of the Revised Statutes. (1 *R. S.* 385, 386, § 3.) It was not moneys necessarily expended by a county officer while executing the duties of his office, within the ninth subdivision of the section cited. Nor was it a contingent expense necessarily incurred for the use and benefit of the county, within the fifteenth subdivision of the same section. The plaintiff was not a county officer, and his employment by the defendant was not covered by the statute referred to. He therefore had no claim against the county. The services performed were rendered by the plaintiff as an individual in his professional capacity, at the request of the defendant, and the county were under no legal obligation to pay him for the same. He could not sue, nor by mandamus compel the board of supervisors to audit the bill.

As the services were rendered at the request of the defendant, with no special agreement that he was to look to any other source for pay, but with the implied agreement necessarily resulting from the facts, that the defendant would pay him, he was clearly liable therefor. The principle is too well settled to require elucidation, that where a party requests another to perform any service, and he performs it as requested, the employer is liable.

Van Hoevenbergh *v.* Hasbrouck.

The fact that the employer was a public officer does not alter the case. If the defendant had desired to exonerate himself from personal responsibility, he should have made provision in the agreement to that effect. Instead of leaving it as he did, he should have made the agreement conditional. Had he designed to compel the plaintiff to look to the county for remuneration, he should have so stated, and made such a stipulation. As he did not do so, he occupies the same relation to the plaintiff as any other person who had thus employed him. In *King* v. *Butler*, (15 *John.* 281,) an overseer of the poor was held responsible for board and necessaries furnished a pauper at the request of the overseer. While public officers are protected in incurring official obligations, they should not be exonerated from personal responsibility where they have actually incurred it. The defendant had a right to employ the plaintiff to perform the services rendered, and any expense thus incurred would have been a proper charge against the county in his account against them, and should have been audited by the board of supervisors upon its presentation. This not having been done and the plaintiff not having been paid in full, the services rendered were a proper charge against the defendant personally, and therefore the objection that the demand was a county charge is not available.

It is insisted that the plaintiff having presented his claim to the board of supervisors to be audited, and they having acted upon it, their adjudication is final and conclusive. This appears to have been done by the consent of both parties. The action of the board in allowing one half of the plaintiff's claim can not, I think, be regarded in the light of the judgment or decree of a court possessing competent jurisdiction. (3 *Comst.* 511.) The plaintiff's claim for services, which the defendant certified were rendered at his request, was not against the county, and the board of supervisors had no authority to audit it, and no power to act judicially. The most which can be claimed from the fact that they allowed a por-

tion of it, is that they chose to make an appropriation which should properly have been allowed in the defendant's account against the county, for the plaintiff's benefit, and to be paid by the defendant to him. Their action, so far as it is claimed to have the authority of a legal tribunal, could have no effect either way, as they had no cognizance over the subject.

Nor can it be urged, I think, that the presentation of the account to the board of supervisors, was a voluntary submission of a controversy between the plaintiff and the defendant to them for their arbitration. There was no difference between these parties which they could not adjust, nor any question which they agreed to submit to the board for their determination and settlement. They did not disagree in a single particular. The rendition of the services at the plaintiff's request, and the value of them, was acceded to, and it appears to have been the design of both the parties to induce the board to allow the bill against the county, as it would have been but equitable and just that they should pay it in some form. This was not an arbitration in any sense, and the transaction will bear no such construction. All that could possibly be claimed from the action of the parties and the board is, that the facts were evidence to be considered as bearing upon the question to whom the credit was given originally. As that question has been determined in due form upon the trial, this court can not interfere.

As there was no error in the trial, the judgment of the justice and that of the county court must be affirmed, with costs.

[ALBANY GENERAL TERM, September 18, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]