*965 The facts appear fully in the opinion rendered at special term, as follows:
Lewis, J.
The relator, upon his affidavit, applied to the court at special term, for a peremptory writ of mandamus, and the court, after hearing the relator and the defendant, directed that an alternative writ issue, which was allowed and served upon the defendant, and the defendant filed his return thereto. The matter came on for a hearing at a special term, held at Lockport, and was heard upon the affidavit of the relator, and the affidavits and return of the defendant, and oral testimony.
It is provided by statute that the coroners in and for the state of New York, except in the counties of New York and Kings, shall be entitled to receive the following compensation for services performed:
Mileage to the place of inquest and return, ten cents per mile.
Summoning and attendance upon jury, three dollars.
Viewing body, five dollars.
Serving of subpoena, ten cents per mile traveled.
Swearing each witness, fifteen cents.
Drawing inquisition for jury to sign, one dollar.
Copying inquisition for record per folio, 25 cents; but such officer shall receive pay for one copy only; for each and every day and fractional parts thereof spent in taking inquisition, except for one day’s service, $8.00.
The relator as coroner of Niagara county, held two inquests ; one in and the other near Tonawanda, Niagara county. He presented an itemized bill in each case for his services and disburse-' ments. The items of the first bill were:
Viewing body............ $5' 00
Summoning Jury................................ 8 00
1 day taking inquisition..............;............ 8 00
12 folios for record............................... 8 00
4 witnesses sworn................................ 60
82 miles traveled.................................. 8 20
Inquisition for jury to' sign........................ 1 00
Statement to supervisors........................... 50
Aggregating................................. $24 30
In the other case:
Viewing body................................... 5 00
Summoning jury.......j......................... 8 00
4 days taking depositions.......................... 12 00
378 folios for record.............................. 94 50
23 witnesses sworn.....;.......................... 8 45
170 miles traveled................................ 17 00
Inquisition for jurors............................. 1 00
Statement for supervisors.......................... 50
1 telegram....................................... 25
Aggregating
$136 70
*966 The contention here arises over the items in the first bill, “ 12 folios for record, $3.00; 82 miles traveled, $8.20;” and in the second bill, 378 folios for record, $94.50, and 170 miles traveled, $17.00
The board of supervisors refused to allow these items for the full amount, but did allow the relator the sum of two dollars for. making a copy of the inquisition, and for his services in reducing the testimony of the witnesses upon such inquest to writing, and for sixty-two miles traveled, $6.20; in the second bill they refuse to allow for the 378 folios for record, but did allow for reducing to writing the testimony of the witnesses, and for making copy of the inquisition, the sum of $14.50. The inquisition signed by the jurors did not in either case exceed two folios in length. The items “12 folios for record, $3.00,” and “378 folios for record, $94.50,” are for copies of the inquisitions signed by the jurors and for the minutes of the testimony taken upon the inquests. In the case of twelve folios, the corone]-, it appears, took the evidence himself; in the case of 378 folios, he employed a stenographer, who took the evidence in shorthand and wrote out his minutes at length. They were then filed; and one question for consideration here is, whether the coroner is entitled to compensation for the minutes of testimony. By § 778 of the Code of Criminal Procedure it is made the duty of the coroner to reduce to writing the testimony of witnesses examined before the jury in the case of inquests. A public officer upon whom a duty is expressly imposed by law must execute the same without fee or award, except when a fee or other compensation is expressly allowed by law. To entitle the relator, therefore, to compensation for his minutes of testimony it must appear that he is expressly allowmd pay therefor by law. The statute regulating the compensation of coroners has not provided for pay for the taking of minutes of evdence, unless it is covered by the subdivision “ copying inquisition for record per folio, 25 cents.”
It is contended by the counsel for the relator, that the minutes of evidence are a part of the inquisition. Section 777 of the Code of Criminal Procedure provides that the inquisition shall set forth who the person killed or wounded is, when and where and by what means he came to his death or was wounded, and, if he were killed or wounded, or his death is occasioned by the act of another by criminal means, who is guilty thereof, in so far as by such inquisition, they have been able to ascertain. It is not provided that the minutes of testimony shall form a part of the inquisition. . It is provided that the minutes of testimony shall be taken and. filed, for use, if needed in the prosecution of the persons suspected of the crime. The taking' of these minutes is a part of the labor imposed upon the coroner and must be held I think, to be included in his general duties for which a per diem compensation is provided. It is important that the public prosecutor and others who may be engaged in investigating the case should be informed as to the substance of the evidence of the witnesses upon the inquest. The legislature in fixing the duties of the coroner and his compensation, undoubtedly assumed that a *967 person with, sufficient intelligence to discharge the duties of coroner, would he able without inconvenience, to take the minutes of the testimony, and did not provide for any extra compensation therefor. The subdivision of the statute under which the relator claims compensation for the evidence taken, provides that he shall receive twenty-five cents per folio. Had it been the intention that the coroner should receive extra compensation for his minutes, a much smaller compensation than twenty-five cents a folio would unquestionably have been fixed. While the services of a stenographer are useful and conduce to accuracy in the trial of causes, their minutes of testimony are necessarily voluminous, as they take both questions and answers and are not permitted to use discretion in curtailing testimony. Such elaborate minutes of evidence taken upon inquisition, are not needed; and in the absence of statutory authority so to do, coroners would not be justified in employing them, even if it should be held that they were entitled to compensation for minutes of testimony taken upon inquests. I am satisfied that the relator is not entitled to any compensation for the minutes of testimony, and that the supervisors would have been justified in rejecting such claim entirely.
The relator states in his affidavit, upon which the alternative writ of mandamus was allowed, that he necessarily traveled the distances mentioned in his bills in attending such inquests; but it appears from the return and affidavits of respondent, and it is not denied that the coroner resides but sixteen miles from. the place where the inquests were held, and the evidence presented fails to satisfy my mind that the relator is entitled for travel beyond the sums allowed him by the respondent. The statute provides for mileage to the place of inquest and return, ten cents per mile. It may well be doubted whether the coroner is entitled to more than one traveling fee in going to and returning from the place of inquest. The supervisors have allowed him for travel to and from the place of inquest twice.
As to the charges for the services of Drs. Palmer and, Eansom, for post mortem examinations, $20.00 each, the respondents after duly considering the matter, allowed the sum of $10.00 each. These services for post mortem examinations, are made by statute, a county charge. These claims of the doctors were against the county, and not against the coroner. Chapter 585 of the Laws 1874.
Van Hoevenbergh v. Hasbrouck, 45 Barb., 197, referrred to in the relator’s brief, was decided before the act of 1874 was passed, making the physician’s services in such case a charge against the county. The court in that case very properly held, that as the coroner was authorized to employ physicians for such services, in the absence of a statute making it a county charge, the coroner was justified in paying the bill, and the amount paid was a legitimate charge against the county. Since the act of 1874, he has the same power to employ, but the examiners have no claim upon him, but must look to the county for their pay.
The criticisms of the relator upon the verification of the return are not well taken. See § 2080 of the Code of Civil Procedure.
Wm. C. Greene, for app’lt; David Millar, for resp’t.
The return and affidavit of the defendants, I think, put in issue the allegations of the affidavit of the relator, so far as the questions in controversy are concerned.
These views lead to the dismissal of the alternative writ, but, as the questions involved in the proceeding are somewhat novel, no costs are allowed to either party.
Order affirmed, with costs, on opinion of Lewis, J., at special term.
Dwight, P. J., and Macomber, J., concur