ALBANY,
Feb. 1826.

Grant
v.
Fancher.

GRANT and HURD, late overseers of the poor of Pawlings, (Dutchess county) *against* FANCHER and DEAN, overseers of the poor of Patterson, (Putnam county.)

ON error from the Dutchess Common Pleas. The action in the court below was case by Fancher and Dean, overseers of Patterson against Grant and Hurd, late overseers of Pawlings. The declaration was, that on the 2d of January, 1817, Helen Fleming, a pauper, having no legal settlement

Overseers of the poor are a *quasi* corporation; and their successors may sue for a debt or duty due to their predecessors in their official capacity.

And where they contract a debt, or neglect a duty which devolves upon them as overseers, by which they become liable to another, and then go out of office, they cannot be sued as late overseers; but the action should be against their successors.

Whether, where a pauper, having no residence in this state, on the application of overseers of the poor, is removed by an order of justices, to another town, and the order being reversed, they, on request, refuse to take back the pauper, or provide for him; by which the town to which he is removed is put to expense in his maintenance, are liable to an action at the suit of the overseers of the poor of the injured town? *Quere.*

Whether, on the reversal of such order, the injured town should not procure an order to remove the pauper back to the town whence he was sent, and thus relieve itself? *Quere.*

VOL. V. 40

in this state was removed by an order of justices, on the application of the defendants below, from Pawlings to Patterson; that the order adjudged her to be settled in Patterson, where she was received upon it by the overseers of that town, the predecessors of the plaintiffs below, who provided for her until &c. ; but they, the plaintiffs' predecessors, afterwards appealed to the next general sessions of Dutchess, who reversed the order, at their October term, 1817, of which the defendants below had notice. That the defendants were overseers at the date of the order, and continued so to the 1st Tuesday of April 1819 ; that they had not, however, removed the pauper back to Patterson, in a reasonable time after the order was quashed, or taken care of her, though requested to do one or the other ; by reason whereof, the plaintiffs, as overseers, were injured, &c., and they and their predecessors had expended moneys, &c. in her support, &c.

On general demurrer to this declaration, the court below gave judgment for the plaintiffs there ; and the damages were assessed on writ of inquiry.

*N. P. Tallmadge*, for the plaintiffs in error, insisted that overseers of the poor are not a corporation, and cannot sue or be sued, (*Smith* v. *Voorheese*, 1 Pennington's Rep. 272. *Gould* v. *Bailley*, id. 6.) But the plaintiffs below, if able to sue, cannot sue for injuries to their predecessors. At any rate, if overseers are to be considered a corporation, the defendants cannot be sued as late overseers. Those who were such at the commencement of the suit, were alone liable.

*H. Swift*, contra. Overseers of the poor are, from necessity, a *quasi* corporation ; and possess a capacity to sue commensurate with their public trusts and duties. (18 John. 407.) The plaintiffs below are the only persons entitled to receive the damages done to the town.

But there is no such necessity, that overseers should be considered a corporation for the purpose of being sued. They are arrested, holden to bail, and judgment and execution goes against them in their private capacity. Their indemnity is from the town, on whose account they pay the money. Indeed, for ought that appears, the defendants be-

low might have been overseers, when the action was brought.

At any rate, if a corporation as to the contracts of their predecessors, they ought not to be considered so as to torts. The suit in question was for a wrong ; a non-feasance. Those only who do an injury ought to defend it. A prebendary may have a remedy against his predecessors, for neglect in repairing. (1 Kyd on Corporations, 222.)

*Curia*, per SAVAGE, Ch. J. It is objected by the plaintiffs in error, 1. That the plaintiffs below were not a corporation ; and could not sue, or be sued.

It is now too late to discuss that question. In *Pittstown* v. *Plattsburgh*, (18 John. 418,) it is said " they (overseers of the poor) are the public agents and trustees of the towns in respect to their poor ; and must necessarily, without express authority from the legislature, possess a capacity to sue commensurate with their public trusts and duties." And the general proposition is laid down, that " where a public office is instituted by the legislature, an implied authority is conferred on the officer to bring all suits as incident to his office, which the proper and faithful discharge of the duties of his office require."

2. It is objected, that if the plaintiffs below possessed a capacity to sue, they could not sue for acts done in the time of their predecessors.

This point has been also settled by an express adjudication. In the case of *Jansen* v. *Ostrander*, (1 Cowen, 670,) the supervisor of a town was allowed to prosecute in his own name on a bond given to his predecessor in office. In this case as well as in *Pittstown* v. *Plattsburgh*, the town officers are considered as *quasi corporations*, so far as is necessary for each to perform their several trusts imposed upon them by their several offices.

3. It is said, if the defendants are to be sued as a corporation, they should not be sued as *late* overseers.

How far the successors in office are liable for the acts of their predecessors in office, it is not necessary now to decide. In the case of *Todd* v. *Birdsall*, (1 Cowen, 260,) the latter sued Todd & M'Cord, overseers of Cortland, before a jus-

tice for goods delivered to a person who kept a pauper of the town, for the use of the pauper, upon the written request of one of the overseers of the poor the preceding year; and recovered; and this Court affirmed the judgment. The Court say, " In the present case, the question is, whether the action can be sustained against the defendants, who now represent the interests of the town in relation to the poor ; and for whose benefit the advance was made. It seems highly expedient that legal liabilities, incurred by their predecessors in office for the support of the poor, ought upon a sound construction of their duties and powers, to devolve upon them. It is incident to their office, which, in this respect, may be viewed in the nature of a corporation."

In these cases, strictly speaking, it is not the officers of the town ; but the town itself, which is the corporation. The officers represent the various interests of the town ; and the only difficulty that exists is, that the officer becomes personally liable, and has no certain remedy against the town for indemnity. It is much to be regretted, that the legislature have not made some proper provision on the subject.

In *King* v. *Butler*, (15 John. 281,) the overseer made himself personally responsible by an absolute promise ; and a recovery was had against him. But in *Olney* v. *Wickes*, (18 John. 125,) the overseer was not held responsible in his private character, because he contracted expressly in his official capacity. Unless, therefore, the successors were liable, there would be no remedy.

These cases do not decide the case now before the court; but they seem to settle this principle : that when an overseer acts officially, the liability incurred devolves uopn his successor, in matters of contract, when his acts are clearly within the scope of his authority ; but when he exceeds his authority, he is personally responsible.

The defendants in the court below, if liable at all, were so, not on any express contract ; but for an omission of duty. It is contended, that it was incumbent on them, as the representatives of their town, to have taken back the pauper which they had improperly and illegally imposed upon Patterson. If this liability be admitted, it seems to me to raise

ALBANY,
Feb. 1826.

Grant
v.
Fancher.

an implied assumpsit only on the part of the town offending. There seems to me nothing like a tort, in this omission of duty, admitting it to have been so, any more than there is in the non-performance of any duty imposed by law, or the non-payment of any contract implied by law. There surely is nothing like a personal assumption of a liability, which is, in its nature, merely official.

In the case of express contracts, when they appear to be made by officers acting in an official capacity, there is no personal liability, as in *Olney* v. *Wickes ;* but it devolves upon the incumbents of the office, as in *Todd* v. *Birdsall.* The case is not stronger against the defendants below, than if they had expressly agreed, in their official character, to pay to Patterson the expenses of the pauper ; and, in such case, the two authorities last referred to, show that the action should have been brought, not against the late, but the present overseers.

If I am correct in this position, the judgment must be reversed ; and the discussion of the other questions becomes unnecessary. I may be permitted to remark, however, that perhaps the question, whether an action lies at all in the case presented by the declaration, is not perfectly settled, though that is not here made a point. When the case of *Pittstown* v. *Plattsburgh* first came before the Court, (15 John. 440,) it presented just such a case on the part of the plaintiffs ; and the court expressed a strong opinion that the action was maintainable, as the pauper had been thrown upon Pittstown by the procurement of Plattsburgh ; and as the pauper, having no settlement in the state, Pittstown was not bound to procure an original order to send him back ; and their power to do so was questionable. When that case came again before the court, (18 John. 418,) it was after a trial, when the fact was shown that the pauper had a settlement within the state. The court then decided, that Pittstown was bound to send the pauper to the place of his settlement ; and, therefore, could not sustain the action. They again say, that if the averment had been proved that the pauper had no settlement within the state, the action would have been maintainable. It is, however, sub-

sequently intimated, upon the strength of Chalbury and Chipping Farringdon, (2 Salk. 488,) that Pittstown might have sent the pauper back to Plattsburgh, after the reversal of the order; and that is assigned as one of the grounds upon which judgment was given for the defendants. If Patterson could have sent back the pauper in question to Pawlings, there is no ground for this action, in any shape.

I am of opinion that the defendants below were not liable; and the judgment must be reversed.

Judgment reversed.