ARMINE, impleaded, &c. *vs.* SPENCER and SALISBURY,
overseers of the poor of the town of Clarkson.

An action on a bastardy bond, given to A. & B. as overseers of the poor
of a certain town, *must* be brought *in the names of the overseers of the
poor in office* at the time of the commencement of the suit.

ERROR from Monroe common pleas. Spencer and Salis-
bury declared in the C. P. in debt, on a bastardy bond bear-
ing date the 28th June, 1827, executed by Armine and his
surety to them, as " Overseers of the poor of the town of
Clarkson, in the county of Monroe, in trust for the inhabit-
ants of the said town," conditioned to indemnify and save
harmless as well the plaintiffs, overseers of the poor of the
town of Clarkson, and their successors for the time being, as
also all and singular the inhabitants of the said town, from
all costs and charges by reason of the birth, education and

maintenance of a certain child. The *first* breach assigned sets forth the birth of the child on the 1st September, 1827, and avers that the defendants have not indemnified the plaintiffs, &c.; by means whereof they have been obliged to expend the sum of $100 in and about the lying-in expenses of the mother of the child, and in and about the maintenance of the child. The *second* breach assigned is, that the *successors in office* of the plaintiffs, to wit, on the 1st April, 1828, and at sundry times between that day and the commencement of the suit, (which was on the 6th December, 1828,) had been obliged to spend $1000 in and about the maintenance of the child; by means of which it is alleged that *the plaintiffs* have sustained damages to the amount of $1000, and common conclusion. The defendant pleaded, 1. *Non est factum*, and 2. *Non damnificatus.*

On the trial of the cause it was admitted that Salisbury, one of the plaintiffs, was not in office as an overseer of the poor of Clarkson at the time of the commencement of the suit, another person having been elected in his place in April, 1828, at which time, however, Spencer had been re-elected; and in the opening of the case, the plaintiff's counsel stated that he claimed to recover for monies expended, as well by the plaintiffs during the year 1827, as by their successors in office in 1828, in the maintenance of the bastard child. The counsel for the defendants objected that the suit ought to have been brought *in the names of the overseers of the poor in office* at the commencement of the suit, and that at all events the present plaintiffs were not entitled to recover for expenditures by their *successors*, which objections were overruled by the court, and the defendant excepted. The jury found for the plaintiffs, and assessed the damages at $35,21, whereupon a judgment was entered for the plaintiffs.

*S. B. Jewett*, for plaintiffs in error.

*S. Matthews*, for defendants.

*By the Court*, SUTHERLAND, J. It is settled by the repeated adjudications of this court, that overseers of the poor are a *quasi* corporation, and as such can sue and be sued.

(*Pittstown* v. *Plattsburgh*, 18 Johns. R. 418. *Norwich* v. *New Berlin*, 18 Johns. R. 382.) It has also been decided that the acting overseers of the poor are responsible for the *official contracts* of their predecessors in office; (*Todd & M'Cord, overseers,* v. *Birdsall,* 1 Cowen 260, and 5 Cowen, 309;) and in *Jansen* v. *Ostrander,* (1 Cowen, 670,) it was held that the rights and liabilities of these *quasi* corporations, whether they arise from torts or from contracts, and whether the latter be simple or by specialty, pass to their successors in Office. In *Jansen* v. *Ostrander,* the action was brought by Jansen as supervisor of Kingston, *in his own name, upon a collector's bond given to Thomas Van Gaasbeck,* his predecessor in office ; and the action was held to have been well brought, upon the general principle which has already been stated. If it *may* be brought in the name of the *successor,* it is because *all* the rights of his *predecessor* have devolved by law upon him. He therefore alone can sue. The decision in that case is believed to be sound, and it is deemed unnecessary to repeat the considerations which we there urged at length in its support.

In the case at bar it was expressly admitted, upon the trial in the court below, that the plaintiffs were not the overseers of the poor when the suit was commenced. The fact also appears on the face of the declaration ; for the second breach alleged is, that *the successors in office of the plaintiffs* expended large sums of money, &c. in support of the bastard child, &c. by means of which *the plaintiffs* sustained damages, &c.; and the plaintiffs claimed a right to recover for monies expended by themselves while in office in support of the child, and also for monies expended by their successors for the same purpose. The court below decided that the suit was properly brought in the name of the persons to whom the bond was executed, although they were not in office at the time it was commenced ; and also that they had a right to recover, as well for expenditures of their successors in office as for those made by themselves. To these decisions the counsel for the defendants below excepted.

The preceding cases shew that the decision of the court was wrong in both its branches.

But it is said that the error cannot be taken advantage of upon this record and bill of exceptions; that there was no variance between the bond as set forth in the declaration and as proved on the trial; and that the evidence was conformable to the issue, and the court had no right, under such circumstances, either to nonsuit the plaintiff or to reject the evidence; that they were bound to try the issues joined upon the record, and to receive all evidence offered which was pertinent to those issues; and that the defendant's proper and only course was to have specially pleaded the facts and circumstances on which he now relies. The general rule is, that the omission of *proper parties*, as plaintiffs in cases of contract, may be taken advantage of at the trial under the general issue; and if it appear on the face of the pleadings, it is fatal on demurrer, or on motion in arrest of judgment or in error. (1 Chitty, 8. 1 Saund. 154, note 1, and cases there cited. 16 Johns. R. 34. 1 Bos. & Pul. 67. 6 T. R. 766. 1 Dunlap, 34, and cases there cited.)

I think it sufficiently appears on the face of this declaration that the plaintiffs were not overseers of the poor when the suit was brought, and of course that the right of action was not in them, but had passed to their successors.

Judgment reversed.