REED AND MEHAN ADS. WOOD, OVERSEER OF THE POOR OF HOBOKEN.

1. An overseer of the poor cannot maintain, in his own name, a suit on a bastardy bond which has been taken by, and in the name of, his predecessor in office.
2. Such bonds should, for convenience, be taken in the name of the township.

Demurrer to declaration.

For the defendants, *Mr. Lyons.*

For the plaintiff, *Leon Abbett.*

The opinion of the court was delivered by

BEASLEY, C. J.   The declaration in this case sets up, as the ground of action, a bond executed by the defendants to one Matthew Conklin, who, it is alleged, was a former overseer of the poor of the city of Hoboken. It likewise appears that this instrument was taken in the course of a proceeding under the act relating to bastards, and contains the usual condition to indemnify the township against charges and expenses. The plaintiff sues in his character of overseer of the poor. The legal problem is, whether the present plaintiff can sustain a suit in his own name, on a bond made to his official predecessor.

The general principles of law, apposite to this subject, are entirely familiar and well settled. Where an instrument is not under seal, the party beneficially interested may, as a

general thing, sue upon it in his own name, although the engagement is not directly between him and the other contracting party. But where the instrument creating the obligation is a deed, the rule differs, for in such case the right of action must be constituted and regulated by the instrument itself. A covenant which is broken, having been made by A to B, for the benefit of C, will lay a ground for action in the name of B only. If the present case, therefore, is to be adjudged by the general rule, it is evident the suit has been misconceived with respect to the proper plaintiff to the record.

On the argument, the effort was made, in behalf of the plaintiff, to discriminate, and on the ground of certain supposed peculiarities, to put this case out of the scope of the ordinary rule. The position was, that overseers of the poor are corporations, *sub modo*, and that, consequently, rights of action survive and pass from one to another, down the line of office. To sustain this notion, we were referred to the decisions in the courts of New York. *Jansen* v. *Ostrander*, 1 *Cow.* 678; *Armine* v. *Spencer et al.*, 4 *Wend.* 406. And there can be no doubt that in that state it has been repeatedly held that this class of officers have, in some particulars at least, the capacities of corporations. This doctrine, however, appears to be peculiar to the tribunals of that state, and even there it is not attempted to be based on anything of greater importance than considerations of local policy. I think the practice is clearly in derogation of the established rules of law. The overseer of the poor is, within his sphere, simply the agent of the corporate township, and seems as incapable of being transmuted into a corporation as the cashier of a bank, or any other employé of the artificial person. In our mode of practice, all the simple contracts entered into by the overseer of the poor, in behalf of the township, may be enforced by suit in the name of the latter, to the same extent as any other principal can put in force the engagements with his agent, and in cases of contract by specialty, there is no more inconvenience or hard-

ship in requiring the suit to be brought in the name of the overseer, who is a party to the deed, than there is when the same legal requisition is applied to the case of individuals. It seems to me it is hardly worth our while to adopt the theory of the existence of corporate capacities in this category of officers, for the mere purpose of permitting a suit to be brought in the name of A instead of in that of B. Nor do I think that, even if so inclined, we could, with propriety, adopt the suggested hypothesis, for it is certain such course could not be taken without overruling a line of adjudications which have already been made in this state. As early as the year 1806, in the case of *Gould* v. *Bailey, Penn.* 6, it was said by this court that "it is clear that overseers of the poor are not a corporate body, and cannot be sued as such." And in *Shotwell* v. *Thornall, Penn.* 136, the rule was adopted that these officers could not maintain an action in their own names for the township moneys—a rule which was again sanctioned in *Taylor* v. *Green et al.,* 7 *Halst.* 124. These decisions rest upon grounds the direct opposite of those established by the courts of New York, in the cases already referred to. I think both the adjudications of this court and correct practice are opposed to this action in its present form, and consequently the demurrer should be sustained.

Before concluding, it may be well to remark, that no reason seems to exist why the class of bonds to which the one now in suit belongs, should not be taken in the name of the township instead of in that, as appears to be the customary practice, of the overseer of the poor. The statute is silent upon the subject, and in theory it appears to be incongruous to make the obligation to the agent in the place of the principal. By pursuing the course thus suggested, all difficulty with respect to parties to the record would be avoided.

Demurrer sustained.

Justices DEPUE and WOODHULL concurred.