The People ex rel. Lawrence D. Huntington et al., Appellants, *v.* John J. Crennan as Justice, etc., Respondent.

Under the provisions of the act for the preservation of fish and game (§§ 238, 240, chap. 488, Laws of 1892), as amended in 1893 (Chap. 573, Laws of 1893), fines as well as penalties for violations of the act are required to be paid over to the board of commissioners of fisheries, not to the county treasurer.

The amendment has a retroactive effect, and as such is constitutional. The moneys collected are in no sense the private property of the county, and hence it is not deprived of private property by the amendment.

A mandamus, however, may not be issued on the relation of said board to compel a justice of the peace to pay over fines collected by him, as the relator has an adequate remedy at law, and that is the remedy provided by the statute.

(Argued January 29, 1894; decided February 6, 1894.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made December 1, 1893, which affirmed an order of Special Term denying an application for a writ of peremptory mandamus.

The relators, the Board of Commissioners of Fisheries of the State of New York, applied for a writ of peremptory mandamus to compel defendant to pay over to them moneys collected by him as a justice of the peace for fines imposed for using purse nets in Long Island sound.

The facts, so far as material, are stated in the opinion.

*Edward G. Whitaker* for appellants. The amendment of 1893 is not unconstitutional, and it was not beyond the power of the legislature to deprive the county of this fund. Fines imposed for the commission of crimes belong to the People of the state. (*In re Gertum* v. *Bd. Suprs.*, 109 N. Y. 170; *People ex rel.* v. *Bd. Suprs.*, 67 id. 109.) As an abstract question of legislative power, the legislature by appropriate language could have compelled the county to pay a sum certain out of its treasury to the commission of fisheries. (*Darlington* v. *City of New York*, 31 N. Y. 163; *People ex*

*rel.* v. *Common Council,* 50 id. 525 ; *People ex rel.* v. *Bd. Suprs.,* 13 id. 143 ; *People ex rel.* v. *Suprs.,* 70 id. 228 ; *Howell* v. *City of Buffalo,* 37 id. 267 ; *In re Van Antwerp,* 56 id. 261 ; *People* v. *Alden,* 112 id. 117.) Section 238, as amended in 1893, should be retrospectively construed. It contains express retrospective words. (*People* v. *McGloin,* 91 N. Y. 250 ; *People* v. *Mutsell,* 94 id. 179–183.) The law requires the fines to be paid to the commission at the time they were imposed by and paid to defendant. (Laws of 1888, chap. 577, § 4 ; *People* v. *H. Ins. Co.,* 92 N. Y. 328.) The proper and only complete remedy is mandamus, inasmuch as an action at law, which section 238 authorizes, would afford no adequate remedy. (*People ex rel.* v. *Mead,* 24 N. Y. 114 ; *McCullough* v. *Mayor, etc.,* 23 Wend. 460 ; *People ex rel.* v. *Green,* 2 T. & C. 62 ; *People ex rel.* v. *Brown,* 55 N. Y. 180 ; *People ex rel.* v. *Comptroller,* 77 id. 45.) The case is properly entitled. The board of fish commissioners is not a corporation, consequently the proceeding is properly brought in the name of each of them as relators. (*People ex rel.* v. *D. & C. R. Co.,* 58 N. Y. 152 ; *People ex rel.* v. *Allen,* 1 Lans. 248.)

*J. F. Coffin* for respondent. The granting or refusal of a writ of mandamus is within the discretion of the court of original jurisdiction, and where it does not appear that the discretion has been abused the Court of Appeals will not interfere to review the proceedings. (*In re Dederich,* 77 N. Y. 595 ; *In re Sage,* 70 id. 220 ; *People* v. *Campbell,* 72 id. 496 ; *People* v. *Ferris,* 76 id. 326 ; *People* v. *Jeroloman,* 139 id. 14.) A peremptory writ of mandamus will not be granted unless it appears that the applicant has a clear and unquestioned legal right to the relief asked for. (*People* v. *MacLean,* 25 Abb. [N. C.] 470 ; *St. Stephen's Church Cases,* Id. 242 ; *People* v. *Newton,* 34 N. Y. S. R. 584 ; *People* v. *Suprs.,* 11 N. Y. 563 ; *People* v. *Hawkins,* 46 id. 9 ; *People* v. *N. Y. I. Asylum,* 122 id. 190 ; *People* v. *State Board of Canvassers,* 129 id. 360 ; *People ex rel.* v. *Assessors,*

*etc.*, 137 id. 205.) The relators were not entitled to these fines, and the motion for a mandamus was properly denied by the court below. (*Dash* v. *Van Kleeck*, 7 Johns. 499; *Jackson* v. *Van Zandt*, 12 id. 167; *Sayre* v. *Wisner*, 8 Wend. 662; *People* v. *Suprs.*, 10 id. 363; *Palmer* v. *Conly*, 4 Den. 376; *Berkley* v. *Rampacher*, 5 Duer, 183; *N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 473; *People* v. *O'Brien*, 111 id. 60.) The construction for which the relators contend would make the amendment unconstitutional. (Code Civ. Pro. § 726; Laws of 1893, chap. 573; *N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 477.) This proceeding cannot be maintained because the relators have a legal remedy by action at law. (*People* v. *Suprs.*, 11 N. Y. 573; *People* v. *Board of Apportionment*, 65 id. 627; *People* v. *Campbell*, 72 id. 496; *People* v. *Thompson*, 99 id. 641; *People* v. *N. Y. I. Asylum*, 122 id. 190; *People* v. *Miller*, 39 Hun, 565; 114 N. Y. 636; *People* v. *Green*, 66 Barb. 630.)

Earl, J. During the summer of 1892 a large number of persons were arrested by the state game and fish protector for using purse nets in the west end of Long Island sound, within the boundaries of Westchester county, contrary to the provisions of section 135 of chapter 488 of the Laws of 1892. They were taken before the defendant, who was a justice of the peace in that county, and were by him severally fined, and they paid their fines to him, amounting in all to upwards of $1,000. He retained the money, being in doubt whether he should pay it to the county treasurer of Westchester county or to the relators, and he refused upon their demand to make payment to them. Thereafter, in April, 1893, they obtained an order from a judge of the Supreme Court directing the defendant to show cause why a peremptory writ of mandamus should not issue against him, requiring him to pay the money to them. Upon the return of that order and the hearing of the motion, the judge denied the motion, but without prejudice to the right of the relators to renew it. They claimed

the money under the following sections of the act above referred to, to wit:

" Section 238. The recovery and costs in all actions heretofore brought and remaining undetermined, or hereafter to be brought under the direction of the chief protector or a commissioner in the name of the People, shall be paid to the board of commissioners and such money shall be by it distributed as hereinafter provided.

" Section 239. One-half of the recovery in all actions heretofore brought, or hereafter to be brought, by an individual or society in his or its name shall be paid to the board of commissioners to be by it disposed of in the same manner as other moneys received by it, and it shall be the duty of the person in whose hands such moneys shall come to pay over the same, and in case of failure so to do, such moneys may be recovered from the person receiving the same in an action brought in the name of the People under the direction of the chief protector or the commissioners.

" Section 240. There shall be paid out of the funds received by the board of commissioners one-half of the *fines* and penalties collected in an action by the People, to the protector or special protector upon whose information the action was brought ; such moneys shall be paid on the certificate of the chief protector that such protector is entitled thereto ; such certificate shall be final.

" Section 241. The remaining money received by the board of commissioners shall be applied to the payment of the expenses of actions for violation of this act on the certificate of the chief protector.

" Section 242. The board of commissioners shall include in their annual report to the legislature a detailed report of their receipts and disbursements under this article."

The motion was denied, as we suppose, because these sections did not require expressly or by implication the payment of *fines* to the relators, the claim of the defendant being that they required only the payment of the money recovered in actions brought for *penalties*. Thereafter, by the act, chapter

573 of the Laws of 1893, passed May 4th of that year, sections 238 and 240 were amended so as to read as follows:

" Section 238. The amount of fines imposed or penalties recovered and collected in all actions, settlements, compromises or proceedings hereafter or heretofore brought under the direction of a commissioner or upon the order of the chief protector in the name of the People shall be disbursed by said board as hereinafter provided. Any officer or person failing to pay over any such money recovered by him shall be guilty of a misdemeanor and shall be removed from office, and a civil action may be brought against any such officer or person for the recovery of any such money received by him in the name of the People, under the direction of either of the commissioners.

" Section 240. The commissioners shall dispose of the fines and penalties received by them as follows : They shall deduct all the expenses incurred in the inquisition or collection of such fines or penalties, and shall pay one-half of the remainder to the protector or special protector upon whose information the action was brought. Such payment should be made on the certificate of the chief protector that such protector is entitled thereto, and the certificate of the chief protector shall be final."

The relators then renewed their motion for a mandamus before the same judge, and he denied it on the ground that it was beyond the power of the legislature to deprive the county of Westchester of the fine money to which it was entitled under the law as it stood before the amendment of 1893. The relators then appealed to the General Term, and there the decision was affirmed, apparently on the ground that the amendments of 1893 could not have retroactive effect so as to change the title to the money then in the hands of the defendant.

There is no express provision in section 238 as amended requiring the fines to be paid to the commissioners of fisheries, but we think such payment is fairly and indeed necessarily implied. It is clear to us that the amendment of section 238

was made to put penalties and fines on the same footing,. requiring them both to be paid to the commissioners.  There could have been no purpose or policy to have the penalties take one direction and the fines another.  Whatever may be said of the fines, the penalties recovered by action were, under section 238, prior to its amendment, required to be paid to the commissioners, and it cannot be supposed that the legislature intended by the amendments that now both penalties and fines should go to the county treasurer, under section 726 of the Code of Criminal Procedure, to be used and applied contrary to the policy of the state as manifested in all the previous acts upon the subject.  (Laws of 1879, chap. 534, sec. 35 ; Laws of 1888, chapter 577, sec. 4.)   Now the moneys realized from fines and penalties are to be mingled together into one fund and are to be disbursed by the commissioners.  How could they disburse the moneys unless they were paid to them ?   It is made a misdemeanor for any officer or person not " to pay over" such moneys.  To whom is payment to be made if not to the commissioners ?   And payment may be enforced by the commissioners in an action brought by them in the name of the People.  The sections cannot have full force and effect and the law cannot be fully administered unless the moneys received for both fines and penalties are paid to the commissioners.  All the provisions of a statute must be consulted so as to ascertain the legislative intent, and whatever is necessarily implied in a statute is just as much a part thereof as if written therein.  *(People* v. *Utica Ins. Co.,* 15 Johns. 358 ; *Riggs* v. *Palmer,* 115 N. Y. 506.)

But it is said that section 238 as amended cannot have retroactive effect, and our attention is called to many authorities which illustrate the rule that statutes are to be so construed as to give them prospective operation only if that is reasonably possible.  But these authorities and the rule they establish have no application, because here the legislative intent is plainly manifested that this section shall have retroactive operation.  To hold otherwise, we would have to eliminate the word "heretofore," which is used in contrast with the word

"hereafter," from the section. (*Shreveport* v. *Cole*, 129 U. S. 36; *People ex rel. Collins* v. *Spicer*, 99 N. Y. 225.)

But the further contention is made that if the section was intended to have retroactive effect, it is unconstitutional, as depriving the county of Westchester of its property in the money without due process of law. The county, prior to the amendment of section 238, had no equitable or meritorious claim to this money. It was in no way produced or brought into existence by it or any of its agents. It did not even come from the taxation of any of its inhabitants. It came from the criminal violation of the general laws of the State, and assuming that it was payable under the law of 1892 to the county, it was made so payable by a general law. Whatever right the county had to it was not such as an individual has to his private property. The county would take it for a public use under the laws of the state. It can hardly be said even that the county would take it at all. The county treasurer would take it to be disbursed as the laws direct. Until it was actually disbursed the legislature could direct by laws duly enacted the purposes for which it was to be used. It could even direct its payment into the state treasury to be mingled with the other moneys of the state, or it could direct its payment to any officer or agent of the state to be used for public purposes. The legislature could go further and compel payment out of the county treasury of all the expenses attending the enforcement of the game and fishery laws within the county limits. Still more could it arrest this money in the hands of the justice of the peace and thus prevent its payment to the county treasurer. The money was in no sense the private property of the county, and, hence, the county was not deprived of private property by the amended section.

We, therefore, see no reason to doubt that this money was payable to the fisheries commissioners, and we announce this conclusion because the questions bearing upon it were fully argued, and both parties seem desirous that the statute should be construed now so as to save further litigation.

But, nevertheless, this order must be affirmed. A man-

damus could not be issued in this case upon the facts now appearing without a departure from a fundamental and important rule of law always observed in such cases, and that is that such a writ will not be issued where the relator has an adequate remedy by action. (*People* v. *Supervisors of Chenango Co.*, 11 N. Y. 573; *People* v. *Campbell, Comr.*, 72 id. 496; *People* v. *Thompson, Comr.*, 99 id. 641.) Here the very remedy provided by the statute for the recovery of this money is an action, and there is no reason to doubt that that remedy will prove in this case to be entirely adequate and effectual.

The order must, therefore, be affirmed, but under the circumstances, without costs of the appeal to this court.

All concur.

Order affirmed.