PEOPLE ex rel. FARLEY v. WINKLER et al., Board of Water Com'rs.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

MANDAMUS (§ 3*)—REMEDY AT LAW—ACTION AGAINST WATER COMMISSIONERS OF A TOWN.

Under the provisions of Town Law (Consol. Laws 1909, c. 62) §§ 285–289, relating to the creation of water districts and appointment, powers, and duties of water commissioners, they may be deemed collectively a quasi public corporation having incidentally power to sue and to be sued in relation to their duties, so that mandamus will not issue to water-commissioners to compel them to act on a claim for services as an engineer; relator having a remedy at law.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 8, 10, 34; Dec. Dig. § 3.*]

Appeal from Special Term, Westchester County.

Mandamus by the People, on the relation of John M. Farley, against Max Winkler and others, Board of Water Commissioners of the Town of Harrison. From an order directing issuance of a writ, defendants appeal. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Henry C. Henderson, for appellants.
William L. Rumsey, for respondent.

CARR, J. This is an appeal from an order of the Special Term in Westchester county, directing the issuance of a peremptory writ of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mandamus requiring the defendants, as water commissioners of district No. 1, in the town of Harrison, to act upon a certain claim for services as an engineer, presented by the relator to the board of water commissioners, either by auditing or rejecting the same. The appellants answered that the relator's claim was disputed, and that he has an adequate remedy at law by action against them as water commissioners, and therefore opposed the issuance of a writ of peremptory mandamus.

The learned court at Special Term in granting the writ based its decision upon the authority of Holroyd v. Town of Indian Lake, 180 N. Y. 318, 73 N. E. 36. It seems to me that this authority does not cover at all the proposition involved in the question decided at Special Term. In that case it was held that an action would not lie against the town to recover damages for a breach of contract by water commissioners appointed pursuant to the provisions of the town law. The basis of that decision was that the water district created pursuant to the provisions of the town law was not a part of the town government, but was an independent entity, and that the water commissioners appointed to have charge of the construction and maintenance of the waterworks in said district were not officers of the town for whose acts any liability attached to the town itself. The question whether an action at law might be maintained against the water commissioners as a quasi corporation was not involved nor decided.

The provisions of the present statute relating to the creation of water districts in towns, and the appointment, powers, and duties of water commissioners, are to be found in sections 285 to 289, inclusive, of the town law. The statute does not in terms cast upon these commissioners any duty of audit in regard to claims presented against them or the water district. Nor is there any necessity why a power and duty of audit should be implied. Under the statute, the water commissioners make their own contracts and receive and disburse directly the funds applicable and set apart for this public work. There is no other officer or body to whom they are to make certification of claims in order that payment thereof may be made. They pay from their own treasury whatever payments they determine to make. As a rule, auditing bodies make certifications, not directly disbursements. The idea of audit implies a judicial determination which is conclusive except when reviewed in due course by the court. It is a roundabout method at its best; but, where a statute so requires, it must be followed. It should not be implied, unless the necessity for such implication is clear. While the language of the statute does not create the district or the water commissioners themselves a municipal corporation, they may, however, though individual public officers, be deemed collectively a quasi public corporation, and as such they have incidentally full power to sue and to be sued whenever necessary in relation to the duties cast upon them by the statute. As such they are analogous to well-recognized classes of public officers, like, for example, overseers of the poor, which have long been held in this state to be vested with the character of a quasi corporation, with incidental and implied power to sue and to be sued. Todd v. Birdsall, 1 Cow. 260,

13 Am. Dec. 522; Supervisor, etc., v. Stimson, 4 Hill, 136; Rouse v. Moore, 18 Johns. 407; Grant v. Fancher, 5 Cow. 309; Armine v. Spencer, 4 Wend. 406.

The relator, having an adequate remedy at law by action, is not entitled to a mandamus under these circumstances. People ex rel. Huntington v. Crennan, 141 N. Y. 239, 36 N. E. 187.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion should be denied, with $10 costs. All concur.