PATRICK FLEMING, Respondent, *v.* THE VILLAGE OF SUSPENSION BRIDGE, Appellant.

Where the trustees of an incorporated village organize into a board of water commissioners for the purposes and as prescribed by the act of 1875 (Chap. 181, Laws of 1875), and as such enter into a contract for erecting water-works for the village, they act simply as agents for, and the contract is binding upon it, and an action is maintainable against it thereon.

It is immaterial whether the contract is made in the name of the village, or in the names of the trustees as water commissioners, or as a board.

Said statute confers upon such water commissioners general power to contract, and the entire control of the work for procuring a water supply; and where a contract has been regularly let as prescribed, if in the substantial performance thereof slight variations or changes are necessary, they may be made by their direction without a new letting, and for the extra expense the village is liable.

In an action to recover for such extra work it did not appear that it was formally ordered by the board at any regular meeting thereof, or that any formal action was taken in reference to it.  It appeared, however, that some one or more of the commissioners were upon the work nearly every day, and sometimes all of them, supervising and inspecting the same.  It was provided in the contract that the work should be at all times under their control.  *Held,* it was to be presumed they all had knowledge of what was being done and assented to the extra work ; and so, a finding that such work was ordered by the board was justified.

(Submitted April 19, 1883 ; decided May 1, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 28, 1881, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*H. N. Griffith* for appellant.  The defendant could not be made liable except by the provisions of the act of 1875 (Chap. 181), and by this the liability essential to sustain this action is not imposed upon the defendant.  (*King* v. *City of Brooklyn,* 42 Barb. 627 ;  *Van Valkenburg* v. *Mayor, etc., of N. Y.,* 33 id. 109 ;  *Theall* v. *Yonkers,* 21 Hun, 265 ;  *Donovan* v. *Bd. of Education of the City of New York,* 85 N. Y. 117 ;  *Maximilian* v. *Mayor,* 62 id. 160 ;  *N. Y. & B. S. M. & L. Co.* v. *City of Brooklyn,* 71 id. 580.)  The commissioners had no authority to make any contract for any work or materials except that given them by the act of 1875, and in the manner and form therein prescribed, and as found by the referee.  (*Bigler* v. *Mayor,* 5 Abb. N. C. 51 ;  *McDonald* v. *The Mayor,* 68 N. Y. 23 ;  *Dickson* v. *City of Poughkeepsie,* 75 id. 65, 74, 75 ;  *Smith* v. *City of Newburgh,* 77 id. 130, 136.)  Acts could not be treated as the acts of the board unless all were present, or those absent had notice to be present.  By such act only, in any event, could the defendant be bound.  (2 R. S. 575, § 27 ;  *People* v. *Batchelor,* 22 N. Y. 146 ;  *People, ex rel.* v. *Nostrand,* 46 id. 375, 383 ;  *Olmstead* v. *Dennis,* 77 id. 379 ;  1 Dillon on Municipal Corporations, § 224.)

*C. H. Piper* for respondent. The water commissioners are not a corporation, and are not liable to be sued as such for work done and materials furnished at their request. (*Appleton* v. *Water Commrs. of N. Y.*, 2 Hill, 432 ; *Bailey* v. *The Mayor*, 3 id. 531 ; 2 Denio, 433 ; *Conrad* v. *Vil. of Ithaca*, 16 N. Y. 158.) The work which plaintiff performed has been accepted, acquiesced in, used and enjoyed by defendant, and being for its benefit, defendant is now estopped from claiming that the work was done without authority. (*Messenger* v. *City of Buffalo*, 21 N. Y. 196 ; *Hoyt* v. *Thompson*, 19 id. 207 ; *Alexander* v. *Brown*, 9 Hun, 641 ; *Lord* v. *City of Rochester*, MSS. Opinion, Fourth Dept. ; *Castle* v. *Lewis*, 78 N. Y. 131, 134 ; *Le Grand* v. *M. M. Assn.*, 80 id. 638 ; *Hooker* v. *Eagle B'k of Rochester*, 30 id. 83 ; *Landers* v. *Frank. St. Church*, 15 Hun, 340 ; *Argus Co.* v. *The Mayor*, 7 Lans. 273.)

EARL, J. In 1876 the trustees of the village of Suspension Bridge, under the act chapter 181 of the Laws of 1875, organized themselves into a board of water commissioners. Afterward, in the same year, the board entered into a contract with the plaintiff to build for the village certain water-works for conducting into and through the village water from the Niagara river for a compensation of $5,185. He completed the work required by the contract and received the stipulated consideration, except a small balance.

During the performance of his contract the plaintiff was requested by the water commissioners to perform some extra work ; and to recover for such work and the balance due him under his contract, he commenced this action. The action was referred to a referee, who found there was due the plaintiff a balance of $110, under the contract, and three items, $35, $600 and $70.20, for extra work ordered by the water commissioners.

During the progress of the trial the counsel for the defendant took many exceptions to the rulings of the referee upon questions of evidence, and he also filed exceptions to the find-

ings of the referee; and he now claims that there were errors which call for the reversal of the judgment.

It is objected on the part of the defendant that the board of water commissioners had no power under the act of 1875 to make any contract for or binding upon it. The objection is not well founded. The act provides that the trustees of any incorporated village in this State may hereafter organize into a board of water commissioners, in the manner provided in the act; that it shall be the duty of the commissioners to examine and consider all matters relating to supplying the village with water; and for that purpose that they shall have power to employ engineers, surveyors and such other persons as shall be necessary; that they shall adopt such plans as in their opinion shall be most feasible for procuring the water supply, and that they shall have power to contract for and purchase and take by deed in the name of the village all lands, rights or privileges whatever which may be required for the purpose, and to contract for the execution of the work and the supply of any necessary material. The act further provides for acquiring the title of lands in all cases where the water commissioners shall be unable to agree with the owners, and that the title of the land thus taken shall vest in fee in the village; that the commissioners shall have power to borrow from time to time upon the credit of the village a sum not exceeding ten per cent of the assessed value of the real and personal estate of the village as shall appear by the last assessment-roll, upon such term of credit, not exceeding thirty years, as shall seem to them for the best interests of the village; and that to secure the payment of the money thus borrowed they may execute bonds, certificates or other obligations, to be signed by them, which shall be a valid liability against the village, and the credit of the village is pledged for the payment of the same. Other portions of the act provide for the rents to be charged for the use of water; that the proceeds of such rents shall be used to pay the expenses of repairing the water-works and the interest and principal of the money borrowed; that in case the water rents shall not be sufficient to pay the interest on the loans or the principal of the

bonds as they fall due, the deficiency may be imposed by tax upon the property of the village, and that judgments against the commissioners in their name of office, and judgments against them where the transaction upon which the action was brought shall have been in the performance of their duties as commissioners, shall not be enforced against the individual property of either of the commissioners.

It will thus be seen from this analysis of the act that the board of water commissioners is not a corporation. There is no provision in the act authorizing the commissioners to sue or to be sued as a board. The board is at all times composed of the trustees of the village, and the water commissioners are manifestly the agents of the village. The water-works are a local improvement, exclusively for the benefit of citizens of the village. They are to be constructed upon the credit of the village, are to belong to it when constructed, and the title to all the land taken is vested in it. The rents received for the use of the water belong to it, and the entire expense of constructing the water-works is a charge upon it. It was, therefore, immaterial whether in making this contract the water commissioners made the same in the name of the village, as they did, or in their own official names as water commissioners, or as a board of water commissioners. The village became bound by their act, and for this conclusion the cases of *Appleton* v. *The Water Commissioners* (2 Hill, 432), *Bailey* v. *The Mayor, etc., of New York* (3 id. 531; *S. C.*, 2 Denio, 433), and *Sage* v. *The City of Brooklyn* (89 N. Y. 189), are ample authority. Any other construction of the act might practically leave a contractor performing the work without any remedy. It is expressly provided that he shall have no remedy to be enforced against the individual property of either of the commissioners, and if he has no remedy against the village it would be quite difficult to see how payment for work done under the act could be enforced. It is clearly to be inferred, from the fact that the commissioners are exempted from individual liability, that it was the intention of the legislature to impose the liability upon their principal, the village.

It is further claimed on behalf of the defendant, that it was never made liable for the extra work not included within the contract, because the act requires that all work should be let by contract. The only provision contained in the act upon the subject is in the tenth section, which, after conferring upon the water commissioners power to make all necessary contracts for labor and material, provides that three weeks public notice shall be given in one or more newspapers " of the times and places at which sealed proposals will be received for entering into contracts, and the commissioners shall have full discretion as to the acceptance or rejection of all sealed proposals ; and in case any materials and labor shall then remain uncontracted for, the like notice for sealed proposals and like proceedings may be had as above provided ; and so from time to time, as said commissioners may direct, for work or materials." The three items of extra work for which the referee allowed were of the following description : The plaintiff had laid pipe upon the grade given by the commissioners, and had filled the trench over it in accordance with his contract ; and then, by the direction of the commissioners, he opened the trench, took up the pipe over a space of about one thousand two hundred feet, and dug the trench deeper. He then relaid the pipe, and by the direction of the commissioners he took up about three hundred feet of the pipe a second time, and dug the trench still deeper and relaid the pipe therein and refilled the trench ; and for the extra labor thus performed the referee allowed the sum of $600. He also, by direction of the commissioners, furnished and delivered twenty-six feet of cast-iron pipe of the value of $70.20, which was not embraced in his contract; and he furnished two hundred feet of pipe which was of larger diameter than was required by the contract, and for this the referee allowed an extra compensation of $35. The statute confers upon the water commissioners the entire control of the work for procuring the water supply. It gives them general power to contract for the performance of the work. It directs them to give public notice for proposals, but does not bind them to let the work to the lowest bidder. It gives them full discretion as to the acceptance or rejection of all sealed proposals.

Acting in good faith, exercising their best judgment for the interests of the village, they could accept the highest proposal instead of the lowest. They let the work to the plaintiff upon the proposal made by him. So far the statute was literally complied with. There is nothing in its letter or the spirit which required them, if, in the prosecution of the work, they found it was essential to dig a trench a little deeper, or to change its route, or to procure a little larger pipe than the contract required, to advertise for new proposals. The work was still in the substantial performance of the same contract, and these slight variations could be made under the general authority conferred upon them by the statute without a new letting.

It did not appear upon the trial of this case that these items of extra work were formally ordered by the board of water commissioners at any regular meeting of the board, or that any formal action was taken in reference to them. But it appeared that some one or more of the water commissioners were upon the work nearly every day supervising and inspecting the same. It was provided in the contract that the work should, at all times, be under the control of the commissioners during its progress, and that it should be commenced and prosecuted at such points as they should direct. Sometimes one and sometimes several, and sometimes all of them, were upon the work, directing and supervising it, so that it is clearly inferable that they all had knowledge of what was being done; that they all knew of the directions which were given by either, and that they all assented to the extra work, and hence we think the finding of the referee was justified by the evidence that the extra work was ordered by the board of water commissioners.

We have now noticed the principal grounds of objection to the recovery by the plaintiff. Many other exceptions were taken. They have all been carefully considered, and we do not think any of them require a reversal of the judgment.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur, except MILLER, J., absent.

Judgment affirmed.