Barnard, P. J.
If the complaint was solely based upon an allegation that the defendant directed the excavation which caused the accident, it was abundantly proven.
The defendant is a municipal corporation having the care of its street and public places, and owing a duty to the persons who may lawfully travel over the same, to keep the same safe so far as that can be done by the exercise of prudence and foresight. By chap. 36, Laws of 1813, there was created a water board with power to take lands by condemnation for the city.
The revenues were for the city, and the purposes were plainly for the benefit of the city. The board could enter *831 upon a street with an obligation imposed by the act to restore the same and to repair all damage done. This board was clearly a part of the machinery of the city government, and under the case of Ehrgott v. The Mayor (96 N. Y., 265), the negligence of the water board acting in the performance of the duty of the municipality was the negligence of the defendant.
The complaint is not restricted to the averment that the defendant made the excavation. There is the further averment that the defendant suffered by its neglect the excavation to continue unfilled and unguarded. Whether the excavation was made by lawful authority or by a trespass, the city still owed a duty to keep its streets safe. Nelson v. The Village of Canisteo, 100 N. Y., 89. The proof showed that an open trench with an embankment, or heap of dirt, from the excavation, to exist for two months upon the traveled part of one of the city streets. The hole was entirely unguarded by a barrier, and entirely unprotected by a light; the nearest light being 100 feet away. It was sufficient in extent to turn over plaintiffs wagon passing slowly along in the dark. The plaintiff was thrown out and injured so severely that she will probably never have her health restored. The city is hable for the injury, because (if for no other reason) it permitted its streets to be used after such a notice of" its dangerous condition. Saulsbury v. Village of Ithaca, 94 N. Y., 27. And this result follows whether the negligence is based upon the notice or upon the failure to acquire a knowledge of the condition of the streets for such a length of time as to establish negligence for that. The first exception to the charge is therefore unfounded. It was not erroneous to charge that “the city is provided with police and officers and other instrumentalities which they may use in ascertaining the condition of affairs in the city, and these are provided for that purpose.” These officers and instrumentalities of government, mayor, aldermen, police, street commissioners, are provided for the good government of the city.
It is not too much to say that their services are at the command of the municipality for that purpose.
The police board, although created by chap. 163, Laws of 1873, was one of the departments of the municipality. Ehrgott v. The Mayor, 96 N. Y., 264; Fleming v. Village of Suspension Bridge, 92 N. Y., 368.
The judgment should therefore be affirmed with costs.
Pratt, J., concurs; Dykman, J., not sitting.