## KING v. VILLAGE OF RANDOLPH.

(Supreme Court, Appellate Division, Fourth Department. March 26, 1898.)

1. MUNICIPAL CORPORATIONS—ACTIONS—COSTS.
    Under Laws 1875, c. 181, § 18, as amended by Laws 1890, c. 527, providing that the board of water commissioners of a village may sue or defend in the name of the village in any action to enforce a contract made with the board, the action is against the village, and not against the board of water commissioners, or the individual members thereof; and hence, in order to recover costs, plaintiff must comply with Code Civ. Proc. § 3245, relating to costs in actions against municipal corporations.

2. SAME—PRESENTATION OF CLAIMS.
    Under Code Civ. Proc. § 3245, which provides that costs will not be awarded to plaintiff in an action against a municipal corporation on a money demand only, unless the claim was presented for payment to the chief fiscal officer of the corporation before suit, one who has a claim for work done under a contract with the board of water commissioners of a village did not comply with said section where he presented a claim for the work done merely to the treasurer of said board.

3. SAME—POWERS—NOTICE.
    One who deals with the board of water commissioners of a municipal corporation is chargeable with knowledge of all the laws governing the municipality and the commissioners.

Appeal from special term.

Action by Silas L. King against the village of Randolph. There was a judgment for plaintiff, and from an order of the special term denying the motion of defendant for an order directing that the record be corrected by striking from the judgment the award of $181.26, adjudged to plaintiff as costs and disbursements, defendant appeals. Reversed.

The facts in this case are undisputed. The defendant was organized under the general village law of this state. In the year 1895, and since that time, it had a board of trustees of the village, a village treasurer, and a board of water commissioners. The members of these two boards and the village treasurer were elected by the voters of the village. The board of water commissioners had a treasurer, selected, as required by statute, from among its own members. The water plant was owned by the village. In 1895, the defendant, through its board of water commissioners, contracted with plaintiff to build a reservoir, to be used in connection with the water system of the village. The plaintiff proceeded with the work under the contract, and in 1896 claimed to have completed the same. The treasurer of the board of water commissioners requested plaintiff to present a statement of his account. After this request had been made several times, the plaintiff handed to the treasurer of the water commissioners a statement of such account, itemized as to the work done, showing the amount thereof to be the sum of $3,781.40, and crediting thereon as follows: "By cash, $2,715." The account was not verified. The balance claimed was not shown, except so far as it could be ascertained by computation. Within two or three days after the delivery of such account, and on the 28th day of July, 1896, this action was

commenced. No notice of plaintiff's claim was ever given to the board of village trustees, nor to the village treasurer. They had no notice of this claim of plaintiff, from any source, previous to the commencement of this action. Issue was joined by the parties to the action, and the case was referred to a referee to hear, try, and determine. Such trial was had, and the referee found in favor of the plaintiff. His conclusions of law are as follows: "As conclusions of law I find and decide that the plaintiff is entitled to recover of the defendant the sum of $554.16, and judgment is directed accordingly." No costs were allowed by the referee. Thereafter judgment was entered for the amount found by the referee, and also for $181.26 costs. Notice was thereafter served upon defendant's attorneys for retaxation of costs. This was opposed by the defendant, but the clerk retaxed the costs at the original amount, as inserted in the judgment. The defendant thereupon made a motion, at a special term, for an order modifying the judgment by striking therefrom the costs so awarded. The motion was denied, and from the order denying the same this appeal is taken.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Crowley Wentworth, for appellant.
James G. Johnson, for respondent.

GREEN, J. It is provided by section 3245 of the Code of Civil Procedure that "costs cannot be awarded to the plaintiff in an action against a municipal corporation, in which the complaint demands judgment for a sum of money only, unless the claim upon which the action is founded was, before the commencement of the action, presented for payment to the chief fiscal officer of the corporation." In the disposal of this appeal, therefore, the sole question to be decided is whether the plaintiff fulfilled this requirement of the statute by presenting an unverified account to the treasurer of the board of water commissioners of the defendant. If this requirement has not been ·fulfilled on behalf of the plaintiff, he is not entitled to costs, for "costs are a creation by statute, and can be awarded only in cases that are clearly within the statutory provisions." Patterson v. Burnett, 17 Civ. Proc. R. 115–118, 4 N. Y. Supp. 921. The referee before whom the case was tried, awarded no costs to the plaintiff. Plaintiff is not entitled to costs under the general provisions of the statute relative to awarding costs to a successful party, as those general provisions are modified by the subsequent provision of the statute above quoted.

The claim of the plaintiff, however, is that the actual defendant in this action is not the corporation of the village of Randolph, but the board of water commissioners of the village of Randolph; and that, therefore, section 3245 of the Code of Civil Procedure has no application to this case, as the defendant is not a municipal corporation. I quote from respondent's brief:

"The board of water commissioners is a quasi corporation (Grant v. Fancher, 5 Cow. 309), a corporation sub modo (Rouse v. Moore, 18 Johns. 407), and permitting it to use, for the purpose of this action, the name of the village, did not make the action one against the village corporation; it was still an action against the board of water commissioners of the village of Randolph."

The cases cited by the learned counsel were decided previously to the original act authorizing the formation of the board of water commissioners. Chapter 181, Laws 1875. There is no provision in

that act which permitted action against the board, or against the members of the board in their name of office. But section 18 of the act provided that "all judgments against said commissioners in their name of office, and all judgments against them, where the transaction upon which the action was brought shall have been in the performance of their duties as commissioners, shall not be enforced against the individual property of either of said commissioners." This act received consideration and construction in Flemming v. Village of Suspension Bridge, 92 N. Y. 372, where the court used this language:

"It will thus be seen from this analysis of the act that the board of water commissioners is not a corporation. There is no provision in the act authorizing the commissioners to sue or to be sued as a board. The board is at all times composed of the trustees of the village, and the water commissioners are manifestly the agents of the village. The waterworks are a local improvement, exclusively for the benefit of citizens of the village. They are to be constructed upon the credit of the village, are to belong to it when constructed, and the title to all the land taken is vested in it. The rents received for the use of the water belong to it, and the entire expense of constructing the waterworks is a charge upon it. It was, therefore, immaterial whether, in making this contract, the water commissioners made the same in the name of the village, as they did, or in their own official names as water commissioners, or as a board of water commissioners. The village became bound by their act, and for this conclusion the cases of Appleton v. Commissioners, 2 Hill, 432; Bailey v. Mayor, etc., of City of New York, 3 Hill, 531; Id., 2 Denio, 433; and Sage v. City of Brooklyn, 89 N. Y. 189,—are ample authority. Any other construction of the act might practically leave a contractor performing the work without remedy. It is expressly provided that he shall have no remedy to be enforced against the individual property of either of the commissioners; and, if he has no remedy against the village, it would be quite difficult to see how payment for work done under the act could be enforced. It is clearly to be inferred from the fact that the commissioners are exempted from individual liability that it was the intention of the legislature to impose the liability upon their principal, the village."

After the decision in this case, section 18 of the act of 1875 was amended by providing that:

"The board of water commissioners of any village may sue, complain or defend, in any court, in the name of the said village, in any action to enforce any contract with said board, or to enforce any claim for damages, water rents, labor, or supplies, connected with the building, or carrying on, of the waterworks by said board. The complaint or answer of said village, in such actions, shall be verified by the oath of some member of the board. The complaint in an action against such village, in such actions, shall be served upon the water commissioners, whose duty it shall be to defend in the name of the village." Laws 1890, c. 527.

This amendment was declaratory of the law as established by the decision in 92 N. Y. 372, supra, so that, under the original act and under the amendment, the liability, in such an action as the one at bar, rested upon the municipal corporation, and not upon the board of water commissioners, nor the individual members thereof. Duties are imposed by the statute upon the water commissioners in respect to such action. The action itself is against the village, and any judgment obtained therein can be enforced against it. The board of water commissioners is intrusted with certain duties, and given permission to make certain payments. But when it is claimed that moneys due under contract with the

water commissioners are unpaid, and owing to a contractor, and it becomes necessary for such contractor to enforce, by legal proceedings, the payment of such claim, the action must be brought against the municipal corporation. Before commencing such an action against such a defendant, he must conform to the provisions of the statute, and fulfill the conditions precedent established thereby, if he seeks to recover his costs in the action. This the plaintiff has not done. His claim was against the village, and it is provided that "the trustees shall have the auditing of all accounts and claims against the village." Chapter 291, Laws 1870, as amended by chapter 440, Laws 1889. "No account or claim shall be allowed by the trustees, unless it shall be made out in items and accompanied by the affidavit of the person claiming to have rendered services ❊ ❊ ❊ that the items of such account or claim are correct, ❊ ❊ ❊ and that no part of such claim has been paid." Chapter 291, Laws 1870, amended by chapter 357, Laws 1872. The trustees of the village, charged with the duty of auditing accounts after the same had been properly presented, were not, preceding the commencement of this action, given any notice whatever that the plaintiff had a claim against the defendant. Neither was any notice thereof served upon or given to the treasurer of the defendant. The plaintiff is chargeable with knowledge of all these provisions of law governing the defendant and its board of water commissioners, with whom he contracted. Donovan v. Mayor, etc., of City of New York, 33 N. Y. 293. Knowing this, the plaintiff has neglected to fulfill the requirements which would entitle him to recover costs against this defendant. We are of the opinion that the special term erred in not granting the application of this defendant.

The order is reversed, with $10 costs and disbursements, and motion granted. All concur.