count. The bill of particulars was not read in evidence on the trial, which is a sufficient answer to the plaintiff's position, so far as the present record is concerned; but, if it had been read in evidence, it being inconsistent with the answer and with the evidence, clearly showing, so far as this record is concerned, that the account had become an account stated, the question became one of fact, as to how the payments were actually applied, or should have been applied, under the rules of law governing the application of payments. In case there is a variance between a bill of particulars and the evidence, the latter will control, and the variance will be disregarded, unless the adverse party has been misled. Hoag v. Weston, 10 Civ. Proc. R. 92; 2 Wait, Prac. 352, and cases cited.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

---

(26 Misc. Rep. 422.)

HALLINAN et al. v. VILLAGE OF FT. EDWARD.

(Supreme Court, Special Term, Herkimer County. February, 1899.)

1. COSTS—EXTRA ALLOWANCE.
    The defense to an action against a village for recovery of a balance due on a contract for constructing a system of water works, and for extras, was a denial of the claim, and that the contract was ultra vires. Counsel spent 80 days in the trial of the cause, and in preparation therefor, and the trial occupied 23 days; and the referee certified that, in his opinion, it was a proper case for an extra allowance. The amount of the recovery against the village was $16,684. *Held*, that plaintiffs should be granted an extra allowance, under Code Civ. Proc. § 3253.

2. MUNICIPAL CORPORATIONS—LIABILITY FOR COSTS—PRESENTATION OF CLAIMS.
    The presentation of a claim against the board of water commissioners for constructing a system of water works to the treasurer of such board is sufficient to authorize a recovery of costs on recovering a judgment for such claim against the village, under Code Civ. Proc. § 3245, authorizing the recovery of costs against municipal corporations only where the claim was first presented for payment to the chief fiscal officer of the corporation.

3. SAME—ACTIONS AGAINST VILLAGES.
    On recovering a money judgment against a village for constructing a system of water works under a contract with the board of water commissioners of such village, plaintiff is entitled to costs, under Laws 1875, c. 181, § 18, as amended by Laws 1890, c. 527, authorizing the board of water commissioners of a village to sue or be sued in the name of the village on contracts of the board, and providing that damages and costs recovered by the village in such action shall be paid to the treasurer of the board, and damages and costs awarded against it shall be paid by him.

Action by James A. Hallinan and others, as surviving partners of Hallinan Bros. and another, against the village of Ft. Edward. Heard on motion by plaintiffs for the allowance to them of extra costs. Granted.

C. J. Palmer, for the motion.
R. O. Bascom, opposed.

SCRIPTURE, J. This action was brought to recover $17,425.79, alleged to be the balance due for constructing the Ft. Edward water works, and for extra services performed and materials furnished in

and about such construction. The issues formed by the pleadings were referred to Hon. Elon R. Brown, of Watertown, to try and determine. The trial of the action was commenced in Herkimer county, and continued for some 14 days in that county, and was thereafter transferred to Washington county, and 9 days were actually occupied in the trial in the last-named county. The counsel for the plaintiff, in preparing the case for trial, and in the actual trial thereof, including the time spent in investigating the facts and the law, and presenting the same to the learned referee, was engaged at least 80 days. The complaint contains 12 different counts or causes of action, and is very voluminous. The answer substantially denies the plaintiffs' claim for damages, and sets up various counterclaims, to which the plaintiffs replied. The defendant pleaded the law of ultra vires, and it became necessary for the plaintiffs to establish that they were entitled to recover their demands, notwithstanding the allegation of the answer "that the board of water commissioners had exceeded their authority in requiring the work to be done, resulting in such extra expense." This was but one of the many difficult questions that arose in the case. The learned referee has certified to this court that, in his judgment, this is a difficult and extraordinary case, within the meaning of section 3253 of the Code of Civil Procedure; that it involves difficult questions of law and fact, and is a proper case for an extra allowance. The referee found that the plaintiffs were entitled to judgment against the defendant for $16,684.94, besides the costs of this action. We are of the opinion that an extra allowance should be granted, in case the plaintiffs are entitled to costs.

The defendant contends that neither party should have costs, and that no costs or allowances can be awarded herein. His contention is that section 3245, Code Civ. Proc., stands in the way. It reads:

"Costs cannot be awarded to the plaintiff, in an action against a municipal corporation, in which the complaint demands judgment for a sum of money only; unless the claim, upon which the action is founded, was, before the commencement of the action, presented for payment to the chief fiscal officer of the corporation."

It appears that one Fred A. Davis was the treasurer of the village of Ft. Edward before and at the time of the commencement of this action, in November, 1894, and that the claim upon which this action is founded was not presented to him for payment. He further claims that he was the chief fiscal officer of the defendant, and that he received and paid out, and was the custodian of, all the funds of said village. The trustees of the village of Ft. Edward and the board of water commissioners in 1894 were the same persons. E. L. Potter was the chief fiscal officer of the defendant, as to all matters relating to the water works. He was the treasurer elected by the board in pursuance of the statute in effect at that time. Laws 1889, c. 455. He was the only person who had authority, as treasurer, over the water-works fund, and was the chief fiscal officer of the defendant for that purpose. All payments made by the defendant on the contract for the construction of the water works were made by the treasurer of the board from the fund under its control; and it has been found by the referee, "that said claims, and each of them, when

presented to the board, were, upon examination, rejected by the board and disallowed, and that the board of water commissioners and the board of trustees of the defendant were the same." The defendant refused to pay or settle the claim, and this action was brought. At the time many of the claims making up the claim presented were discussed by said board of water commissioners and by said E. L. Potter. The claim was presented October 11, 1894, and this action was not commenced till November 27, 1894; thus giving defendant ample and sufficient time to investigate and adjust their matters of difference, and relieve the corporation from costs. The Code of Civil Procedure now regulates and controls the matter of costs and disbursements in all cases, except where the award of costs is specially regulated by statute in a particular case. Code Civ. Proc. § 3250. The Code of Procedure, the Revised Statutes, and the Session Laws, previous to 1859, contained all of the provisions relating to the award of costs, either codified or statutory. A municipal corporation, under the Code of Procedure, was liable for costs; and the plaintiff, upon a recovery, in certain cases, was allowed, of course, the costs and disbursements of the action. By section 2, c. 262, Laws 1859, it was provided:

"No costs, fees, disbursements or allowance shall be recovered or inserted in any judgment against municipal corporations unless the claim upon which such judgment is founded, shall have been presented for payment to the chief fiscal officer of said corporation, before the commencement of an action thereon."

This act was never embodied in the Code of Procedure, but, when the Code of Civil Procedure was passed, it was embraced therein, as section 3245. In the Code of Procedure, as to municipal corporations, there was no difference, as to the rule of costs, than with any other prevailing plaintiff; and it was only through the special act referred to that any condition or bar to the recovery of costs against such corporations was imposed. The reported cases under the act of 1859 will not aid very much in determining the question before us, and we will confine ourselves to the consideration of the cases under the present Code, and the special statutes relating to the award of costs. There are in many of the charters of municipal corporations special provisions made with reference to the presentation of claims, and conditions imposed as to recovery and as to costs. It has been held that the treasurer of a city and of a village, and the supervisor of a town, is the chief fiscal officer thereof. Gage v. Village of Hornellsville, 106 N. Y. 667, 12 N. E. 817; Stanton v. Town of Taylor (Sup.) 19 N. Y. Supp. 43; Laws 1897, c. 414, § 81. The object of section 3245 was to insure notice to a municipal corporation of claims against it, before it should be subjected to costs of suit, and notice to the chief fiscal officer was prescribed as a means of giving such notice to the corporation; and hence notice to the board of trustees of the defendant alone is not a sufficient compliance with the section of the Code. The chief fiscal officer of such a corporation is the officer who receives, keeps, and disburses the moneys of the corporation. It is no answer to this requirement of the Code, that the treasurer of the corporation is not authorized to adjust or pay the

claims upon presentation. In harmony with Baine v. City of Rochester, 85 N. Y. 523 (Mr. Justice Andrews writing):

"The object of [meaning section 3245 of the Code] was to secure notice, and the chief fiscal officer was named as the person on whom the notice should be served."

In the case cited it did not appear that the claim was acted upon by the board of trustees. In the case at bar the water commissioners and the trustees were the same, and the claim was presented to them and to its treasurer, and examined and passed upon and disallowed, and a reasonable time allowed the defendant to settle and adjust before the commencement of the action. The board of water commissioners and its treasurer were the agents as to the water works, and all power was vested in them. Fleming v. Village of Suspension Bridge, 92 N. Y. 368.

In order to find out the intention of the legislature as to the award of costs in cases of this kind, we should examine the Code of Procedure, and all the statutes bearing on the subject during the existence of the Code, together with the Code of Civil Procedure, and all of the special statutes passed from time to time. Laws 1859, c. 262, § 2, was repealed by Laws 1880, c. 245. The Code of Civil Procedure was passed in June, 1876, and from that time till 1880 contained no provisions making any distinction in favor of municipal corporations, relieving them from costs in any case. By the Code of Procedure and the Code of Civil Procedure, such corporations were liable for costs. Section 2, c. 262, Laws 1859, governed and regulated the right to costs against such corporations until its repeal, in 1880. It will thus be seen that this statute controlled during 17 years of the existence of the Code of Procedure, and for 4 years after the passage of the Code of Civil Procedure. It was embodied in our Code in 1880 for the first time, and forms and makes section 3245. Section 3250 is new, and reads:

"This title does not affect any provisions contained elsewhere in this act or in any other statute, remaining unrepealed after this chapter takes effect, whereby the award of costs is specially regulated in a particular case, otherwise than as prescribed in this title."

Statutes should be construed so as to carry out the intent of the legislature, though it seems contrary to the letter. A thing that is within the intention of the makers is as much within the statute as if it were within the letter; and a thing that is within the letter of the statute is not within the statute, unless it is within the intent of the makers. When this intent is manifest, the letter of the statute must yield to the spirit. In the case before us, the plaintiffs presented their claim to the defendant, and waited a reasonable time for adjustment. It is not even claimed on the part of the defendant that it was not fully apprised of the demands of the plaintiffs. The Code provides that the claim must be presented to the "chief fiscal officer," and the courts have held that the treasurer is such officer, because he receives, keeps, and disburses the moneys of the corporation; but there is no case to be found which holds, or even intimates, that the treasurer of the corporation is the chief fiscal officer of the moneys and funds of the corporation, raised, pursuant to the

statute, for the purpose of constructing a system of water works. In fact and law, the village treasurer has no control over it; he is not even the custodian; he cannot pay or disburse it. Reviewing all of the codified and statutory law on the subject of the award of costs, we are of the opinion that the makers never intended that the treasurer of a municipal corporation should be the chief fiscal officer to which claims must be presented, in which he is in no way interested as a custodian or disbursing officer. The legislature intended that the treasurer was the chief fiscal officer as to those moneys which, by virtue of his office, he received, keeps, and disburses, and to those only. "The presentation of the claims in this action to the board of water commissioners and its treasurer was a full compliance with section 3245." Its treasurer was the chief fiscal officer. It follows that the plaintiffs are entitled in this action to the costs of the action, to be taxed, and an extra allowance of 5 per cent. on the recovery. We are of the opinion, independent of section 3245, that the plaintiffs are entitled to costs. Section 18, c. 181, Laws 1875, as amended by chapter 527, Laws 1890, provides:

"The board of water commissioners of any village may sue, complain or defend in any court, in the name of said village, in any action to enforce any contract with said board, or to enforce any claim for damages, water rents, labor, or supplies connected with the building or carrying on of the water-works by said board."

The complaint or answer of said village in such actions shall be verified by the oath of some member of the board. The complaint in actions against said village in such cases shall be served on the board of water commissioners, whose duty it shall be to defend in the name of the village. The damages and costs recovered by the village in such actions shall be paid to the treasurer of the board of water commissioners for their use. The damages and costs against the village in such actions may be paid by the treasurer of said board from any funds in his hands not otherwise appropriated.

The motion for an extra allowance is granted.

Motion granted.