(40 Misc. Rep. 75.)

HOLROYD et al. v. TOWN OF INDIAN LAKE.

(Supreme Court, Special Term, Fulton County. February, 1903.)

1. TOWNS—COMMISSIONERS OF WATER DISTRICT—CONTRACTS.
      Plaintiffs, who had contracted with commissioners of a town water dis-
   trict appointed by the town board under Laws 1900, p. 1119, c. 451, sued
   for a breach preventing full performance. *Held,* that the complaint was
   not demurrable on the ground that the water district was a municipal
   corporation, inasmuch as the act conferred on such district no powers
   of municipal government.

2. SAME.
      Under Laws 1900, p. 1119, c. 451, authorizing the creation of a town
   water district, such district remains an integral part of the town, so that
   Const. art. 8, § 10, prohibiting a town from incurring indebtedness for
   any except town purposes, does not apply to contracts entered into by
   such district.

3. SAME—CONSTITUTIONAL LAW.
      The provision of Laws 1900, p. 1119, c. 451, authorizing a town board
   to appoint commissioners of a town water district, is not unconstitu-
   tional.

4. SAME—CONTRACTS.
      A contract made with the commissioners of a town water district
   appointed under Laws 1900, p. 1119, c. 451, is binding on the town,
   though made in the name of the commissioners.

5. SAME—SEWERS.
      Laws 1900, p. 1119, c. 451, authorizing a town board to appoint com-
   missioners of a town water district, and authorizing the establishment
   of a water system, gives such commissioners power to provide for sew-
   ers.

Action by Fred A. Holroyd and Henry S. Eveline against the town of Indian Lake for breach of contract. Demurrer to complaint. Overruled.

J. W. Atkinson, for plaintiffs.
Potter & Kellogg, for defendant.

SPENCER, J.   On the trial of this issue the court was requested by both parties to ignore objections in respect to the sufficiency of the pleadings, and to decide the case upon the merits.   Therefore I shall consider only those questions which bear upon the right of the plaintiffs to maintain the action; and for that purpose shall assume that the facts are properly and sufficiently alleged.

The contract for the breach of which this action is brought was executed between the plaintiffs and the commissioners of a water district in the town of Indian ·Lake, appointed by the town board pursuant to chapter 451, p. 1119, of the Laws of 1900.   The complaint alleges the proceedings taken to establish the district, the appointment of the commissioners, the execution of the contract, its breach while the plaintiffs were engaged in performance, and, by several counts, demands judgment for the amount earned in partial performance, damages for the breach, and for loss of prospective profits.   The defendant demurs, claiming:   (1) That the water district established under the provisions of the act is a municipal corporation; (2) that the water commissioners are officers and agents of such district and not of the town; (3) that, if regarded as town officers or agents, the act authorizing their appointment is unconstitutional; (4) that the contract does not purport to be made in behalf of the town, and the town is not bound thereby; (5) that the contract is void' for including matters not within the scope of the powers of the commissioners.

Confining our attention to these claims made upon the trial, we note that the act (Laws 1900, p. 1119, c. 451) providing for the establishment of water districts does not constitute them municipal corporations.   No powers of local government are conferred.   This seems to be necessary within the provisions of subdivision 1 of section 3 of the general corporation law (Laws 1892, p. 1801, c. 687) in order to create municipal corporations.   The districts which may be carved out of a township under the provisions of the act may be regarded as standing in the same relation to the town as sewer districts in cities stand in relation to the city.   They are established mainly for the purpose of imposing the expense of local improvements upon the persons and property more immediately benefited by the improvements.   The fact that the persons authorized to make the contracts therefor and to annually apportion, upon the taxable property within the district, the amount to be raised to defray the expense, does not confer upon them powers of local government.   The people of the district are the only ones interested in those matters, and the powers conferred are limited to such particulars.   Authority to execute a contract is not governmental in its nature, and the duty of making apportionments under the statute is clerical in its character.   The assessment of the property, the imposition of the tax, and its collec-

tion are still performed by the town officers. The general scheme of the act seems in all respects to be in harmony with similar provisions in the charters of numerous cities in respect to local improvements, and those provisions have never been regarded as constituting municipal corporations of such districts.

As these water districts remain integral parts of the town, the provision of the organic law prohibiting the Legislature from authorizing a town to incur indebtedness for any except town purposes does not apply. Const. art. 8, § 10. A town may incur indebtedness for any local improvement that may be for the general welfare, although the direct benefits therefrom accrue more particularly to the residents of a designated district within the town. Neither is it a diversion of the money or property of the town for it to become primarily liable for the expense of such a local improvement, although payment of the expense is ultimately to be made by the residents of a particular district within the town. There is nothing in the statute that limits the use of the water to the inhabitants of the designated district, nor any provision which gives them any prerogative thereto. Therefore the rule adopted in respect to the improvement and lighting of public highways must be regarded as having application. Sun Pub. Ass'n v. Mayor, 152 N. Y. 257, 46 N. E. 499, 37 L. R. A. 788; Palmer v. Larchmont Electric Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672.

Neither is that provision of the act which confers upon the town board the authority to appoint commissioners and authorizes such commissioners to execute the contract violative of the organic law. Astor v. Mayor, 62 N. Y. 567; People ex rel. Commissioners v. Supervisor, 170 N. Y. 105, 62 N. E. 1092. I think, therefore, that contracts made by such commissioners under and in pursuance of the provisions of the act are binding upon the town, as being in the accomplishment of town purposes.

The contention that the contract is not binding upon the defendant because it is made in the name of the commissioners is without support. It is true the contract does not, in terms, purport to bind the town, and does not refer to the act under which the water district was established and the commissioners appointed. But the complaint sets forth the facts in relation to the establishment of the district and the appointment of the commissioners, and the making of the contract in pursuance of the provisions of the act. This I regard as sufficient to support the contract as one made by the town, the commissioners having authority to bind the town by a contract for the purposes intended. Fleming v. Village of Suspension Bridge, 92 N. Y. 368.

The further objection that the contract is void for providing for the construction of sewers as well as water mains, must, I think, also be overruled. The act authorizes the establishment of a water system, but does not specify the particulars that shall constitute such a system. That question is left to the judgment of the people as evidenced by their petition asking for the establishment of the district and the appointment of the commissioners. Furthermore, I think the court should take judicial notice that in the establishment of a water sys-

tem the laying of pipes for the discharge of the water, as well as for its delivery, is a feature incidental to the system.

Demurrer overruled, with leave to answer on payment of costs. Ordered accordingly.