(85 App. Div. 246.)

HOLROYD et al. v. TOWN OF INDIAN LAKE.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. TOWNS—WATER COMMISSIONERS—CONTRACTS—LIABILITY.

An action for unliquidated damages arising from a breach of a contract made with the water commissioners of a town under Laws 1900, p. 1119, c. 451, cannot be maintained against the town.

2. SAME—RIGHT OF PLAINTIFF TO SUE—DEMURRER.

The right of plaintiff to maintain an action against a town for unliquidated damages arising from the breach of a contract made with the water commissioners of the town, under Laws 1900, p. 1119, c. 451, may be raised by demurrer to the complaint.

3. SAME—POWER OF COMMISSIONERS.

Laws 1900, p. 1119, c. 451, authorizing the establishment of water districts in towns, empowering the water commissioners to make contracts for the construction of waterworks, and prescribing the manner of paying therefor, does not authorize the water commissioners to bind the town to an absolute payment for the waterworks at designated times and in specified amounts.

4. SAME—COMPLAINT—ALLEGATION OF BREACH OF CONTRACT BY TOWN—SUFFICIENCY.

A complaint, in an action on a contract for the construction of waterworks, made with water commissioners of a town under Laws 1900, p. 1119, c. 451, which alleged that the contract had not been performed by the town, failed to state that the town had not performed the obligations imposed by the statute, where the contract was broader than the statute, and absolutely bound the town to pay for the works.

Appeal from Special Term.

Action by Fred A. Holroyd and another against the town of Indian Lake. From an interlocutory judgment overruling a demurrer to the complaint (81 N. Y. Supp. 268), defendant appeals. Reversed. See 77 N. Y. Supp. 672.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-TER, and HOUGHTON, JJ.

J. A. Kellogg, for appellant.
J. W. Atkinson, for respondents.

PARKER, P. J. This is an action brought against the town of Indian Lake to recover damages for the alleged breach of a contract claimed to have been entered into between the plaintiffs and the town through its alleged agents, the "water commissioners of the water district of Blue Mountain Lake," in said town. The damages claimed are unliquidated. Three causes of action are claimed in the complaint, although there is, in fact, but one cause of action set forth therein, viz., the breach of the contract which it is claimed the defending town entered into, and damages resulting therefrom. A demurrer was interposed to the complaint, and to each cause of action therein set forth, on the ground that it does not state facts sufficient to constitute a cause of action. At the trial term such demurrer was overruled, and judgment thereon entered against the defendant, and from such judgment this appeal is taken.

In Colby v. Town of Day, 75 App. Div. 211, 77 N. Y. Supp. 1022, this court held that an action could not be maintained against a town for an unliquidated claim arising from a breach of a contract, and I am unable to discover any feature in this case which distinguishes it from that one. Concede that the water commissioners are the officers of the town, and that they might lawfully contract on behalf of the town, yet the breach of such a contract does not give a cause of action against the town upon which the court could render a judgment. The plaintiffs' right to recover in this action against the town on the facts stated in the complaint was raised by the demurrer, and therefore, on the authority of the case above cited, the demurrer should have been sustained, and the complaint should have been dismissed.

But, further than this, the act under which these water commissioners became officers of the town, if they did become such, to wit, chapter 451, p. 1119, Laws 1900, provides the method by which the money was to be procured to pay the plaintiffs for their work under the contract, and also the part which the town was to take in procuring it. It seems to me that such commissioners had no authority to bind the town to any greater obligation than was imposed upon it by such act. Clearly, it was not intended that the town was to raise money for the purpose of meeting semimonthly payments to the plaintiffs as the work progressed, by taxation or from any source other than by the issuing of the bonds provided for by such act, and I do not understand wherein the commissioners obtained any authority to contract for the town that it would do so. They might contract with the plaintiffs, for and on behalf of the town, that it would issue the bonds provided for in the statute, and would, to the best of its ability, negotiate them upon the terms therein required, and that the money obtained from the sale thereof should be applied to paying for their work, and they might further agree that, if so obtained, they should be paid every two weeks at the rate provided for in the contract before us, but they had no authority to bind the town to an absolute payment at the times

and in the amounts therein specified.   I know of no general law that would authorize any of its officers to make such a contract for it, and I can discover nothing in the act in question which gave them such authority.

The complaint proceeds upon the theory that the town was liable to perform the contract which the commissioners made.   That contract was much broader than they had authority to make.   Hence an averment that it has not been performed by the town does not show a cause of action against the town.   As made by the commissioners, the town was under no obligation to perform it.

If the complaint had alleged that the town refused to issue and negotiate the bonds, or that, having sold them and collected the money thereon, it had refused to apply it to the payment of the amount due on their contract, as by its terms it had through its officers agreed to do, then it might be considered that it had broken a contract that the commissioners were authorized to make for it.   But no 'such action on its part is averred, nor is there any statement or suggestion in the complaint as to why the payments were not made.   For aught that appears, the town may have issued the bonds and diligently attempted to sell them, and may not have been able to do so under the terms imposed by the statute.   For this reason they may have been unable to raise the money, and therefore the payments were not made. If such were the facts, the town had fully performed its obligation under the statute, and the commissioners could not contract that they would do more.

Therefore it is apparent that the facts stated in the complaint do not show that the town has neglected to perform any contract for which it is liable, or that it has not fully performed every obligation imposed upon it by the statute.   For this further reason the demurrer should have been sustained, and the plaintiffs should have been allowed to amend their complaint.

But, inasmuch as in no event could an action be maintained against the town, the complaint should be dismissed, with costs.

Judgment reversed, with costs, and complaint dismissed, with costs.   All concur; SMITH, J., in result.