(121 App. Div. 287)

## DAVIDSON v. VILLAGE OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department.    July 23, 1907.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—ACTION FOR BREACH.

Where plaintiff in an action against a village alleged liability of defendant on a contract for the sale and installation of a pumping engine and for extra labor and materials performed and furnished in connection therewith, and also the presentation of a duly itemized and verified claim to the board of water commissioners of the defendant and its board of trustees, the inference is that the matters involved related to the water supply of the defendant, and that the water commissioners were agents of the village.

2. SAME—PAYMENT OF COMPENSATION—PLEADING.

Plaintiff sued on a claim against defendant village corporation for machinery furnished and labor performed in connection with its water supply plant.  Laws 1896, p. 1013, c. 769, provides that defendant should pay its obligations incurred in connection with the construction and operation of its water supply plant from a particular fund, disbursed by a special department, and not raised by general tax, but by the sale of bonds. *Held* that, since a particular mode of discharging the defendant's obligations in connection with its water supply plant is provided by statute, that mode must be first pursued, and the corporation can only be sued for a breach of its duty or contract to provide the fund in the manner prescribed by law; and hence, where plaintiff's complaint did not show that defendant was thus in default, it was properly dismissed.

Appeal from Trial Term, Kings County.

Action by Marshall T. Davidson against the village of White Plains to recover for labor performed and materials furnished.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Frank V. Johnson, for appellant.

John M. Digney, for respondent.

MILLER, J.  The plaintiff's complaint was dismissed at the opening of the case on the ground that it did not state facts sufficient to constitute a cause of action.  The complaint attempts to set forth two causes of action—one on a contract for the sale and installation of a compound pumping engine, and the other for extra labor and materials performed and furnished in connection therewith.  The complaint alleges the presentation of a duly itemized and verified claim to the board of water commissioners of the defendant and to its board of trustees more than 30 days before the commencement of the action.  Chapter 769, p. 1013, of the Laws of 1896, provides how the defendant might construct and operate a system of waterworks.  The act provides for the creation of a board of water commissioners, with power to construct and operate such a system, and it specifies the method of providing funds therefor, to wit, the issue and sale of bonds by the trustees from time to time as required by the certificate of said board of water commissioners, the deposit of the proceeds of such sale with the treasurer of the defendant to the credit of said board of water commissioners, and the payment out of said fund of all accounts and bills audited by said commissioners upon drafts drawn by the clerk upon the requisition of said commissioners and signed by the village presi-

dent. The act also provides that said funds shall not be subject to draft or disbursement by the board of trustees for any purpose whatever. The learned trial justice dismissed the complaint, for the reason that in the first instance the method of payment pointed out by the statute had to be followed, and that an action could not be maintained against the defendant unless it was in default.

The appellant contends, first, that it does not appear from the complaint that the matters involved had anything to do with the water supply of the defendant. While the fact is not expressly alleged, that is the only permissible inference from the facts alleged, and hence I do not discuss the point. It may also be assumed, without discussion or citation of authority, as claimed by the appellant, that the water commissioners were agents of the defendant, and that the case of Holroyd v. Town of Indian Lake, 180 N. Y. 318, 73 N. E. 36, has no application to the case at bar, for the reason that in that case the water commissioners acted, not for the town, but for the exclusive benefit of a water district, that they were not strictly agents of the town, and that the town only lent its credit to the water district, and had no liability whatever except such as the statute imposed upon it; nor is the case of Fleming v. Village of Suspension Bridge, 92 N. Y. 368, relied on by the appellant, in point, for the reason that the only question decided in that case was the authority of the board to bind the defendant. I am unable to find anything in this case to take it out of the rule declared in Dannat v. Mayor, 66 N. Y. 585, and Swift v. Mayor, 83 N. Y. 528, that, "where a particular mode of discharging the obligations of a municipal corporation is provided by law, that mode must be pursued." See, also, Hunt v. City of Utica, 18 N. Y. 442.

The remedies of a contractor are pointed out by Parker, C. J., speaking for the court, in Weston v. City of Syracuse, 158 N. Y. 274, 53 N. E. 12, 43 L. R. A. 678, 70 Am. St. Rep. 472, to wit: (1) Mandamus, in the case of mere neglect of the municipal authorities to proceed with reasonable diligence in the manner provided by statute. People ex rel. Ready v. Mayor, 144 N. Y. 63, 38 N. E. 1006. (2) Action for breach of contract, where the municipality either disables itself from performing or refuses to perform the contract. Reilly v. City of Albany, 112 N. Y. 30, 19 N. E. 508. See, too, Baldwin v. City of Oswego, 1 Abb. Dec. 62; Beard v. City of Brooklyn, 31 Barb. 142. I am aware that in the case of Dannat v. Mayor, supra, the primary liability was upon a distinct corporation—i. e., the board of education—and that in all of the other cases cited supra on this head, except Swift v. Mayor, the moneys were to be paid primarily out of a fund obtained from a particular assessment district; but in Swift v. Mayor, supra, the liability rested upon the entire city, was incurred for the benefit of the city by a department having authority to bind the city, but was payable from a special fund and not by the finance department. In that case the fund was to be turned over to the treasurer of the department intrusted with said payment; whereas in the case at bar it is to be placed by the treasurer of the defendant to the credit of the board of water commissioners, and the finance department—i. e., the board of trustees—has no authority over it.

It does not seem to me that it can matter whether the particular board charged with the duty of paying the money has a treasurer of its own, or whether the city or village treasurer also acts as treasurer for it. In the Swift Case the money was obtained by a general tax; whereas in the case at bar it is to be obtained by the sale of bonds. It is true that in that case the city was held to be liable upon another ground; but it was necessary to decide this point before reaching that ground of liability, and the discussion of Judge Rapallo, concurred in by the entire court, must be accorded the force of a decision, and not of mere dictum. As I take it, the rule is that when an obligation is to be paid, not by the finance department under the general system provided for the payment of the obligations of the corporation, but from a particular fund disbursed by some special department, particularly as in this case, where it is raised, not by general tax, but in a particular manner—i. e., the sale of bonds—said special provisions are made a part of the contract, whether incorporated therein or not, and the city contracts in the first instance only to provide the fund in the manner pointed out by the statute, and can only be sued for a breach of that duty or contract.

No such default or breach of contract is pleaded in the case at bar as would bring the case within the exception to the general rule that the method provided by statute must be followed in the first instance; and, as this case is even stronger for the defendant upon this point than was the case of Swift v. Mayor, supra, for the reason pointed out, it does not seem to me profitable to prolong a discussion which is really closed, so far as this court is concerned, by the decisions of the Court of Appeals.

The judgment should be affirmed. All concur.