Marqttette L. Floyd, J.
Defendant is a corporation organized under the laws of the State of New York and approved by the State Quarter Horse Racing Commission to conduct quarter horse races at which pari-mutuel betting will be conducted (Pari-Mutuel Revenue Law, art. 3, § 62, as added by L. 1970, ch. 1023). The location of the site was submitted to and approved by the commission. Plans and specifications for construction were, also, submitted to the commission for its prior approval as to the work progress and the commission had appointed a site Engineer to supervise the work in progress to insure conformity with the submitted plans (Pari-Mutuel Revenue Law, § 81).
Thereafter, on or about September 12 of 1973, the Town of Brookhaven served a summons upon defendant charging it with a violation of section 85-182 of the Town Zoning Ordinance alleging that it had erected a building without having obtained the building permit therefor.
The Town of Brookhaven contends that under the provisions of section 261 of article 16 of the Town Law that its validity enacted zoning regulations are applicable to the defendant and that the defendant has committed a violation for failure to comply with such regulations. The defendant has filed a motion to dismiss the information charging it with a violation of subdivision (a) of section 85-182 of, chapter 85 of the Zoning Ordinance of the Town of Brookhaven on the grounds that the defendant is exempt from the application of local building and zoning codes.
The defendant’s motion to dismiss is granted. Municipal corporations have only such powers as are delegated to them by the State (Seaman v. Fedourich, 16 N Y 2d 94; Holroyd v. Town of Indian Lake, 40 Misc. 75, revd. 85 App. Div. 246, affd. 180 N. Y. 318) and State policy as espoused in State statutes may not be ignored or abrogated by a municipality unless it is expressly empowered to do so (People ex rel. Kieley v. Lent, 166 App. Div. 550, affd. 215 N. Y. 626; Jewish Consumptives’ Belief Soc. v. Town of Woodbury, 230 App. Div. 228, affd. 256 N. Y. 619). A municipal ordinance, insofar as it hinders *177 or conflicts with an overriding State law, is void as exceeding the authority vested in the municipality (Abbott House v. Village of Tarrytown, 34 A D 2d 821).
The State policy with respect to quarter horse racing has been firmly established in the Pari-Mutuel Revenue Law (L. 1940, ch. ,254, as amd.). Under this law the State has specifically provided for State regulation of all aspects of location, construction, maintenance and control of pari-mutuel quarter horse race tracks. The law vests complete authority in the New York State Racing and Wagering Board to administer the approval of licenses to conduct a quarter horse race meeting (§ 1-a, as added by L. 1973, ch. 346, -§ 2), and also full supervisory and regulatory control powers over the construction and maintenance of such facilities. Section 81 of the Pari-Mutuel Revenue Law reads in part that “ The .state * * * commission shall hot grant * * * a license to conduct a quarter
horse race meeting at which pari-mutuel betting may be conducted within the state until such corporation or association shall have submitted to the commission a statement of the location of its proposed grounds and race track, together with a plan of such race track, and plans of all buildings, seating stands and other structures in .such form as the commission may .prescribe, and such plans shall have been approved in writing by the commission. Alterations of existing buildings, seating-stands and other structures, and the erection of new or additional buildings, seating stands, or other structures may be made only with the written approval of the commission and after examination and inspection of the plans thereof and the issuance of a permit therefor by the state quarter horse racing-commission.”
The statutory language contained in section 81 is sufficient, in and of itself, to establish a State policy of complete preemption in the regulation of quarter horse racing tracks and thereby renders nugatory any municipal ordinance which seeks to regulate such activity. In the case of the Jewish Consumptives’ Relief Soc. v. Town of Woodbury (230 App. Div. 228, 237, affd. 256 N. Y. 619, supra) it was held that ‘ ‘ in the face of the specific grant to State authorities under the Public Health Law, it should not be held that the general grant under the Town Law is sufficient to give the town power to exclude such institutions from any part of the town.” In that case the Public Health Law granted authority to the State officials mentioned therein to approve the establishment and location of hospitals. In the immediate case the Pari-Mutuel Revenue *178 Law vests full authority as to all matters concerning location and construction in the State board and therefore, under the rationale of the Jewish Relief Soc. case, the construction of the Suffolk Meadows Racing Association Track is not subject to Brookhaven Township zoning laws.
The argument against application of local zoning regulations is further buttressed by the inclusion in the Pari-Mutuel Revenue Law of section 89 which reads, “Notwithstanding the provisions of any general or special statute of the state of New York or of any local law or ordinance of any municipality within the state, whether such provision or provisions be penal in character or otherwise, the provisions of this act and the rules and regulations and requirements of the quarter horse racing commission relating to the time when and place where or manner in which .the quarter horse races shall be conducted in this .state and the control of the grounds and structures erected or to be erected thereon upon and at which such racing is conducted and the activities conducted thereat and thereon in connection with any trial or contest of speed or power of endurance of quarter horses .shall be construed and deemed to be exclusive of and shall .supersede any provisions of such other general and special statute, local law or ordinance in >any wise relating ¡thereto, and of the provisions of chapter four hundred forty of the laws of nineteen hundred twenty-six as amended, insofar .as the same affect or relate to quarter horse racing, nor shall the provisions of article two hundred twenty-five of the penal law be deemed to apply to pari-mutuel betting conducted pursuant to this act.”
The plaintiff has argued that section 89 is not applicable here because it is only relevant when a State law is in conflict with a municipal rule or regulation-and that no such conflict exists here because there is no provision in the Pari-Mutuel Revenue Law for the establishment of criteria for the selection of sites for race tracks. This argument is clearly erroneous since section 81 expressly vests regulatory control over all aspects of track selection, construction, and control in the State Racing Commission. The true effect of section 89 is to underscore the legislative intention that the provisions of the PariMutuel Revenue Law pertaining to the overall regulation of pari-mutuel race tracks supersede any local laws relating thereto. Since the municipality may only exercise those powers which are delegated to it by the State (Seaman v. Fedourich, 16 N Y 2d 94, supra) this section constitutes an express legislative directive that a municipality may not regulate the “ struc *179 tures erected or to be erected” and vests exclusive control of all the regulatory matters listed therein in the State Quarter Horse Racing Commission.
The plaintiffs further argue that under section 2 of article IX of the New York State Constitution zoning powers granted to local governments by subdivision 6 of section 10 of article 2 of the Statute of Local Governments can only be modified by two consecutive enactments of the Legislature, and therefor section 89 may not be used to limit the regulatory authority of local governments. This argument is not persuasive because even if section 89 were not applicable the wording of the entire Pari-Mutuel Revenue Law establishes a legislative intention of complete pre-emption in the regulatory field. Also, nothing contained in the Pari-Mutuel Revenue Law modifies or abrogates the general grant of power conferred in the Statute of Local Governments thereby necessitating consecutive enactments. Section 10 of article 2 of the Statute of Local Governments outlines the scope of the regulatory powers granted therein, and provides that “ each of the following powers, which shall include but not be limited to those of local legislation and administration, is hereby granted to each local government ”. The power to regulate the construction of State approved and regulated pari-mutuel race tracks cannot be considered as one of local legislation and administration under the Statute of Local Governments since only a State statute could initially sanction such a use (see Penal Law, § 225.00) and also because municipal corporations lack the expertise and technical knowledge necessary to regulate this type of enterprise. Finally, the recent case of Floyd v. New York State Urban Development Corp. (33 N Y 2d 1) upheld the constitutionality of a provision similar to section 89 that was contained in section 16 of the New York State Urban Development Corporation Act (L. 1968, ch. 174, as amd.), which exempted projects of the Urban Development Corporation from local zoning laws and regulations. It should be noted that the provision upheld in the Urban Development case was not passed by two consecutive enactments of the Legislature.
In view of the provisions of article 3 of the Pari-Mutuel Revenue Law and the relevant case law the court is of the opinion that Brookhaven Township Zoning Ordinance (§ 85-182, subd. [a]) does not apply to the construction and location of the Suffolk Meafipws Quarter Horse Racing Association Racetrack ; accordingly the motion to dismiss the information should be granted.